[S. F. No. 1699.   Department Two.—October 27, 1900.]

## CHARLES W. SUTRO, Respondent, v. EASTON, ELDRIDGE & CO., Appellant.

ACTION FOR SERVICES—SECURING CONTRACT FOR SALE OF LAND—REFUSAL OF INSTRUCTION COVERED BY CHARGE—DISPUTE AS TO SERVICES.—In an action for services rendered by the plaintiff to the defendant in securing for defendant a contract for the sale of land, the refusal of an instruction requested by the defendant that if the solicitations of the defendant had in no way influenced the securing of the contract, and that if the party making the contract had prior to such solicitations placed the property for sale with the defendant, or had determined to do so, the jury should find for the defendant, is not ground for reversal, where the language used in the instructions given and not objected to was broad enough to cover the disputed point whether the plaintiff was instrumental in bringing the sale of the property to the defendant, and plainly presented that question to the jury.

ID.—DOUBT AS TO TERMS OF CONTRACT—VERDICT TO APPELLANT'S ADVANTAGE.—When the evidence showed that plaintiff had had different contracts with the defendant as to the securing of contracts of sale, one for one-third of defendant's commissions, and one for one-half thereof, and there was doubt as to which contract was applicable to the case, the appellant cannot urge error in a verdict to his advantage for one-third of the commission, instead of one-half thereof as claimed by the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

Chickering, Thomas & Gregory, for Appellant.

William H. Jordan, for Respondent.

GRAY, C.—Appeal by defendant from a judgment in plaintiff's favor and from an order denying defendant's motion for a new trial.

The action was brought to recover two thousand four hundred dollars claimed by plaintiff to be due from defendant

"for services rendered by plaintiff to defendant within two years last past, at the personal instance and request of defendant." The points urged for a reversal are two, only.

1. It is claimed the court erred in refusing an instruction requested by appellant which reads as follows: "If you find from the evidence that the solicitations of the plaintiff in no way influenced the mind of the executor of the Cullum estate, and that said executor had, prior to such solicitation, placed the property for sale with the defendant, or had fully determined so to do, you must find for the defendant."

The court instructed the jury as follows: "The burden of proof is on the plaintiff to show that the services performed by him secured to defendant the sale of the property of the Cullum estate.

"If you find from the evidence that the services rendered by the plaintiff in no way tended to secure to the defendant the sale of the property of the Cullum estate, you must find a verdict for the defendant.

"If you find from the evidence that, at the time of the promise made to the plaintiff by the president of the defendant, the executor of the Cullum estate had placed the sale of the property of the estate in the hands of the defendant, and that this fact was unknown to the president of the defendant at the date he made such promise, you must find for the defendant."

The evidence on behalf of respondent was to the effect that he had an understanding with defendant whereby he was to get a commission upon whatever property he brought to defendant and was thereafter sold by it; that plaintiff told Wendell Easton that he thought he could get the Cullum estate, and Easton replied, "That's right, go ahead and work the thing up"; that in pursuance of this understanding he saw Mr. Granniss, the executor of the Cullum estate, and told him that he was working for defendant on commission and that he would like to get the Cullum estate, and Granniss replied, "My boy, you shall have it; nobody shall have it but you." Plaintiff reported this conversation to Mr. Easton and Easton replied, "That is right, Charlie, go after him." Subsequently,

plaintiff took Mr. Granniss into Mr. Easton's private office and a written contract was obtained from him, under which the sale was subsequently made by defendant. On cross-examination plaintiff testified: "I think the oral conversation at which Mr. Easton told me he would give me one-half commissions was in September." In brief, plaintiff's evidence tended to show that he brought the property of the Cullum estate into defendant's house, and defendant subsequently sold it, receiving a commission of four thousand seven hundred and ninety-four dollars.

The evidence of defendant tended to show that Granniss had made up his mind to give the sale of the Cullum estate to defendant, and had already made arrangements with defendant to that end before he talked with plaintiff about the matter at all, and that plaintiff's talk had no influence on Granniss in the premises. The precise point in dispute between the parties seems to be as to whether plaintiff was instrumental in bringing the sale of the Cullum estate property to defendant.

The language used in the instructions given, and not objected to, was broad enough to cover this point, and plainly present it to the jury. If Granniss was in "no way influenced" by "the solicitations of the plaintiff," but "had, prior to such solicitations, placed the property for sale with defendant, or had fully determined so to do," the average intelligence would perceive that plaintiff had failed to sustain the burden resting on him "to show that the services performed by him secured to defendant the sale of the property of the Cullum estate." There was no error in refusing the requested instruction, because the substance of it was contained in the instructions that were given.

2. The remaining contention of appellant is: "The amount of the verdict shows that the jury have not founded their opinion on the only possible contract established by the evidence." While it was evidently the purpose of plaintiff to recover in the action one-half of the commissions obtained by defendant, the jury returned a verdict in his favor for an amount exactly equal to one-third of said commissions. This verdict was undoubtedly the result of the uncertainty in the evidence as to

the periods covered by the several contracts between plaintiff and defendant, one of which appears to have been for one-third and another for one-half of the commissions obtained by the defendant on sales brought to it by plaintiff. The evidence was not entirely free from doubt as to which of these arrangements was in force at the time plaintiff's cause of action accrued. The appellant, however, cannot be heard to complain, because the jury gave it the benefit of the doubt and based the verdict on the contract most to its advantage.

The judgment and order appealed from should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.