STATE EX REL. REIBOLD, PLAINTIFF, v. DUNCAN, COUNTY CLERK, DEFENDANT.

(No. 4,333.)

(Submitted December 14, 1918.    Decided December 17, 1918.)

[177 Pac. 250.]

*Special Elections — Primary Election Law — Construction — Nomination of Candidates—Mandamus.*

Special Elections—Primary Election Law—Nominations—How Made.
   1. *Held*, that since the Primary Election Law (Laws 1913, p. 570), is made applicable only to general elections, fails to provide for the nomination of candidates to be voted for at special elections, and does not repeal prior statutes on the latter subject, sections 521 and 524, Revised Codes, are still in force, and therefor nominations of candidates to be voted for at special elections must be made pursuant to the provisions of either section 521 or 524.

Same—County Clerk—*Mandamus.*
> 2. *Held,* on application for writ of mandate, that where a large number of qualified electors joined under the provisions of section 524, Revised Codes, in a certificate nominating a candidate for state senator to be voted for at a special election and presented same to the county clerk for filing, it was that officer's duty to file it, under paragraph 1 above.

Original application for writ of mandate by the State on the relation of Charles Reibold, against A. J. Duncan, as County Clerk and Recorder of Lewis and Clark County.

*Mr. Henry C. Smith,* for Plaintiff, submitted a brief and argued the cause orally.

*Mr. Lester Loble* and *Mr. Jos. R. Wine,* for Defendant, submitted a brief; *Mr. Wine* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A reference to the decision in *State ex rel. Smith* v. *Duncan, ante,* p. 376, 177 Pac. 248, will suffice for a statement of the circumstances out of which this proceeding arises.

Charles Reibold and 283 other qualified electors of Lewis and Clark county joined in a certificate, nominating Park Smith as a candidate for state senator, to be voted upon at the special election to be held on the 28th of this month. They presented the certificate to the county clerk, but he refused to file it, and this proceeding was instituted. There is involved the single question: Did the adoption of the General Primary Law (Laws 1913, p. 570) operate to repeal in their entirety all prior existing laws which governed the nomination of candidates for public office?

It cannot be doubted that to the full extent to which the primary law was intended to operate, all original nominations must be made by direct vote of the electors at the primary nominating election. In theory, this Act recognizes the right of the different groups of electors to maintain their respective party organizations, and to be represented at the polls by nominees of
[1]   their own political faith. The dominating purpose of the

Act is to assure to every elector an opportunity to participate directly in the selection of candidates for public office, afford the protection of public supervision of the election machinery, and secure the right of free expression of opinion by the application of the safeguards of the Australian ballot system. But no provision is made for a primary election to nominate candidates to be voted upon at special elections; on the contrary, the terms of the Act are made applicable to nominations to be voted on at general elections only. Section 2 declares: "On the seventieth (70) day preceding any general election (not including special elections to fill vacancies, municipal elections in towns and cities, irrigation district and school elections) at which public officers in this state and in any district or county are to be elected, a primary nominating election shall be held in accordance with this law," *etc.*

Since the primary election under public control is the very essence of the Act, it must follow that, in failing to make provision for such election to nominate candidates to be voted upon at special elections, the lawmakers intended that the Act in its entirety should be construed as limited in its operations to the nominations of candidates to be voted for at general elections, and that every section should be read with this construction in mind. Under any other view we would find ourselves confronted with a repeal of all existing statutes governing nominations, and no provision whatever made for the nomination of candidates to be voted for at special elections.

The purpose of the primary law is not to prevent nominations, but to subject them to public regulation and control as far as it was deemed practicable; and this court is not justified in saying that the laws of this state now prohibit the nomination of a candidate to be voted for at a special election, unless the language employed to express such intention is clear and unequivocal. Under the construction we adopt, the meaning of section 8 and the repealing clause becomes manifest. The opening sentence of section 8 would read: Every political party shall nominate all its candidates for public office [to be voted

for at a general election] under the provisions of this law and not in any other manner, and it shall not be allowed to nominate any candidate [to be voted for at a general election] in the manner provided by section 521 of the Revised Codes, *etc.* By the repealing clause, prior statutes governing nominations were repealed in so far as they had to do with nominations of candidates to be voted for at general elections, and those statutes, in so far as they controlled nominations of candidates to be voted upon at special elections, are still in full force and effect.

We do not agree with counsel that the primary election law was designed to furnish the exclusive means by which all candidates for public office shall be nominated, and that the failure of that Act to provide for nominations of candidates to be voted for at special elections was a mere oversight. The references in sections 2 and 7 indicate clearly that the subject was not overlooked, but for some sufficient reason it was evidently considered that the provisions of the direct primary law are inapplicable to the nomination of candidates to be voted for at special elections, and that subject was reserved for control by existing laws or future legislation. No subsequent enactments dealing with the matter have been passed, and the authority to make such nominations must be sought in prior statutes.

The nomination of a candidate to be voted for at this special [2] election might be made pursuant to the provisions of section 521, or section 524, Revised Codes, and since the certificate tendered by this plaintiff complies in all respects with the requirements of section 524, the county clerk was not justified in refusing to file it.

It is ordered, adjudged and decreed that a peremptory writ of mandate issue from this court, directed to the defendant as county clerk and recorder of Lewis and Clark county, commanding him forthwith to file the certificate of nomination tendered by the plaintiff, and that plaintiff have and recover his costs in this behalf expended, taxed at $——. *Remittitur* at once.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE PIGOTT concur.