## EMIL E. HOLMES v. MIKE HOLM.[1]

April 24, 1944.

No. 33,854.

*A. S. Dowdall,* for petitioner.

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent.

*Roger S. Rutchick* and *Francis M. Smith,* filed a brief *amici curiae.*

LORING, CHIEF JUSTICE.

The petitioner comes here on an order to show cause under Minn. St. 1941, § 202.08 (Mason St. 1940 Supp. § 601-3[1]g), directed to the secretary of state, seeking to restrain him from placing petitioner's name on the ballot as a candidate for governor of the Demo-

[1]Reported in 14 N. W. (2d) 312.

cratic-Farmer-Labor party at the primary election to be held July 10, 1944, and directing the secretary of state to place his name thereon as a candidate of the Democratic party for that office.

Section 200.34 (§ 601-1[2]c) provides:

"Any political party as defined by the election laws of this state may change its name by complying with the following conditions:

"The state central committee of such political party may·call a convention, and shall state in its call that a convention is called for a certain time and place, for the purpose of changing the name of such party to some specific name given in such call. Such convention shall be held before the termination of the time for filing for nomination for primary elections preceding the general state election, and such change shall be agreed by resolution of a majority of such convention.

"A copy of the resolutions determining upon such change of name, certified by the chairman and secretary of such convention, shall be filed with the secretary of state within five days after the holding of such convention. Thereafter such political party shall be known by the new name called for by the resolution, and the party under its new name shall have all the rights that it had under its former name."

Pursuant to this statute, the state central committees of both the Democratic and the Farmer-Labor parties met in separate sessions on March 5, 1944, and issued a call for conventions of their respective parties to be held on April 7, 1944, at designated places.

The resolutions calling the conventions called them for the purpose of changing the names of both parties, the Democratic party to "Democratic-Farmer-Labor Party," the Farmer-Labor party to the "Fellowship Party." In each case the resolution making the call authorized the "state chairman" in his discretion to change the date of the convention. In each instance each chairman changed the date to April 14, 1944. It is that change in date which presents this controversy.

Each convention met on the 14th and duly adopted and certified to the secretary of state the proposed names.

■ The petitioner contends that under the statute the delegation of authority to the state chairmen was *ultra vires* the state central committees. We do not think so. A political party, absent statutory restraint, may make its own reasonable rules for self-government. While the statute requires the call to state a certain time and place for the convention, it contains no restraint whatever upon the power of the committee to *delegate* authority to change the time of holding the convention. Unless the statute made it clear that such authority might not be delegated, we should not so hold. To do so would be to impose an unwarranted restriction on party self-government.

At the time these conventions were called the legislature was about to convene in special session for the announced purpose of enacting legislation to advance the date of the primary election so that members of the armed forces might vote at the primary and at the general election. April 10, 1944, had been proposed as the date for closing the filings. The legislature finally fixed April 17 as such date. April 7, which was Good Friday, was found to be a wholly unsuitable time for the conventions.

There is absolutely no showing that the change in date was made for any ulterior purpose or that adequate notice of the change was not communicated to all the delegates. We hold that the state central committees by their resolutions properly delegated authority to the state chairmen to change the date of the conventions.

It is obvious that the change of names was effected for the purpose of giving the Democratic party a name which would be acceptable to members of the Farmer-Labor party and that the Farmer-Labor party was given a name that would as a practical matter terminate its existence. In this fashion a fusion of the parties was effected by the voluntary action of each. No doubt the Democratic party, on account of its national affiliation, was chosen to be the survivor. With these purposes we are not concerned. They were legitimate purposes under our system of government, and if the party machinery functioned properly, as we hold it did, the members of neither party have any legitimate complaint.

■ The contention that § 205.72 (§ 601-6[7]*l*) prevented the Democratic party from incorporating "Farmer-Labor" into its name until after the Farmer-Labor party had effected the change in its name to "Fellowship Party" by filing its certificate with the secretary of state is not available to petitioner. That section was obviously enacted solely for the protection of the party whose name is taken. The Farmer-Labor party is not here complaining.

The petition is denied and the order to show cause discharged.