COOPER v. CARTWRIGHT,
Secy. of State.
ROMINGER et al. v. KEY et al.
COOPER et al. v. CARTWRIGHT,
Secy. of State, et al.

Nos. 33588, 33607, 33672. June 12, 1948.

Rehearing Denied June 29, 1948.
Second Petition for Rehearing
Denied July 13, 1948.

*195 P. 2d 290.*

Edward M. Box, of Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for respondents.

Jess L. Pullen, of Oklahoma City, amicus curiae.

LUTTRELL, J.  On March 30, 1948, a petition bearing the names of some 8,000 persons claiming to be qualified voters of the State of Oklahoma was filed in the office of the Secretary of State.  The petition reads as follows:

"On behalf of and for the Progressive Party, a Political organization, we, the undersigned, do petition the Secretary of State of the State of Oklahoma, by this petition, which is submitted under the provisions of Section 229 of Oklahoma Statutes Annotated, Title 26, and certify this petition to the Secretary of the State Election Board of the State of Oklahoma, for the purpose of authorizing the Secretary of the State Election Board to receive and accept the application and filing of all persons seeking to become candidates of said Progressive Party for public office to be submitted to the voters of the State, free and apart from any other political party in this State, and said Progressive Party to receive and be governed by all laws of this State pertaining to the present recognized political parties.

"Each of the undersigned does hereby certify that he, or she is a qualified voter, residing at the address given opposite his or her signature appended below."

On April 2, 1948, a nonCommunist affidavit made by M. A. Shadid and Carl von der Lancken as officers of the Progressive Party of the State of Oklahoma was filed in the office of the Secretary of State.  The petition was approved by the Secretary of State and on the same day he notified the Secretary of the State Election Board of such approval, certifying to the State Election Board that the Progressive Party had complied with the provisions of 26 O.S. 1941, §229, relating to the organization of political parties in the State of Oklahoma, and that the executive head of said party had filed with him as Secretary of State the statement required by 26 O.S. 1941 §6.2 relating to affiliation with the Communist Party.

On April 5, 1948, petitioner A. B. Cooper filed with the Secretary of State a motion to recall his approval of said petition and a protest against the sufficiency of the signatures to the petition.  This motion and protest were denied, and thereupon petitioner filed in this court his petition for a writ of mandamus to require the Secretary of State to recall and set aside the certificate approving said petition, and for a writ of prohibition prohibiting the Secretary of State from conducting any further proceedings recognizing the organization of the so-called Progressive Party, and determining the sufficiency or insufficiency of the anticommunist affidavit filed as aforesaid.

Petitioner also, on April 5, 1948, filed a protest to the sufficiency of the petition and the sufficiency of the anti-Communist affidavits filed as aforesaid.  This protest was by the Secretary of State denied after a hearing at which evidence was introduced, and petitioner appealed from that denial in accordance with the provisions of 26 O.S. 1941 §6.4.

On April 28, 1948, William G. Rominger, and others, filed in this court an original action in mandamus to require the State Election Board to place their names on the ballots as candidates of the Progressive Party for presidential electors.  Because of the relation of the issues involved in the three proceedings, we have concluded that the contentions raised in all may be disposed of by one opinion.

The question presented is whether a new political party may be organized in Oklahoma pursuant to statutory provisions hereinafter set out.  It will be

observed that the petition does not recite whether an attempt is being made to organize a new political party or to recreate an old political party that formerly existed but that has ceased to exist by reason of failure to secure the requisite number of voters as provided by 26 O.S. 1941 §111. However, it is clear from the brief amicus curiae on behalf of the Progressive Party (and oral argument before the court) and the other proceedings had, that an attempt is being made to organize a new political party. The petitioners seek to organize a new political party by the filing of a petition under authority of 26 O.S. 1941 §229, which provides:

"**Any political party** presenting a petition of 5,000 names of voters of Oklahoma, to the Secretary of State, and the same being approved by the Secretary of State, the Secretary of the State Election Board shall then place the names of the candidates of the party submitting said petition on a ballot similar to that of the major parties in Oklahoma, and it shall be mandatory on the part of the Secretary of the Election Board to prepare said ballot when said petition has been approved by the Secretary of State, and upon filing and approval of said petition for State Officers shall be sufficient to permit candidates for Congress, District Judge or other minor offices appearing on the State and County ticket."

The petitioner contends that section 229 is not in effect as a law because (a) it was enacted in 1924 as a concurrent resolution; (b) that if it was enacted as a joint resolution, and not as a concurrent resolution, it was intended to be of a temporary nature and was improperly included in the Oklahoma Statutes 1941, and that the adoption of the 1941 Statutes as a Code by S. L. 1943, page 252, Title 75, chapter 4, did not have the effect of adopting section 229 as a part of the statutory laws of the state.

Section 229 was adopted as House Joint Resolution No. 8 by the House of Representatives on March 12, 1924, by the Senate on March 15, 1924, and was approved by the Governor on March 18, 1924. The title of the Resolution was as follows:

"A Resolution authorizing any political party to submit a list of its candidates for nomination and election when sufficient number of voters have petitioned for same."

It was carried forward as section 5650 of the 1931 Oklahoma Statutes, and it was carried forward in the 1941 Statutes as a part of the permanent laws of the state. The language of the resolution does not indicate that the Legislature intended it to continue in effect for only a temporary period. Under Board of Commissioners of Marshall County v. Shaw, 199 Okla. 66, 182 P. 2d 507, and the authorities there cited, we think this resolution was a joint resolution and was intended to and does have the effect of a general law and that section 229 is now in effect as a general law.

Petitioner contends that section 229 should be construed as authorizing the recreation of a party previously existing and not as authorizing the creation of a new political party. It is urged that the title of the Resolution and the Preamble thereto, in view of the historical background existing at the time of its passage, together with the language of the Resolution itself, requires such a construction.

Section 1, art. 2, of our Constitution provides:

"All political power is inherent in the people; and government is instituted for their protection, security, and benefit, and to promote their general welfare; and they have the right to alter or reform the same whenever the public good may require it: Provided such change be not repugnant to the Constitution of the United States."

Section 4 of the same article provides:

"No power, civil or military, shall ever interfere to prevent the free exercise of the right of suffrage by those entitled to such right."

And section 7, art. 3, that:

"The election shall be free and equal. No power, civil or military, shall ever interfere to prevent the free exercise of the right of suffrage, and electors shall, in all cases, except for treason, felony and breach of the peace, be privileged from arrest during their attendance on elections and while going to and from the same."

In Craig v. Bond, 160 Okla. 34, 15 P. 2d 1014, this court cited with approval State v. Stewart (Mont.) 210 P. 465:

" ' . . . there can be no question as to the right to reorganize an old or to **organize a new political party.** It is a right inherent in the electors of the state, and such a right is a necessary accompaniment of popular government, without which our government would be bereft of efficient vital force and in danger of the evils of absolutism.' "

In Ex parte Wilson, 7 Okla. Cr. 610, 125 P. 739, the Criminal Court of Appeals of Oklahoma said:

"The right of suffrage includes the right to form political parties, and the right of each party to promulgate rules, not reasonably prohibited by law, for making its organization effective, to promote its principles and policies by electing officers in harmony therewith to legislate and execute the law to that end . . . ."

" 'Political parties' are voluntary associations of electors having an organization and committee, and having distinctive opinions on some or all of the leading political questions of controversy in the state, and attempting through their organization to elect officers of their own party faith and make their political principles the policy of the government. They are governed by their own usages and establish their own rules."

The foregoing definition of a political party is a generally accepted definition. 18 Am. Jur. p. 264, §132; 29 C.J.S. Title, Elections, § 84.

We think section 229 authorizes the filing of the petition therein referred to either for the purpose of reactivating an old party or of enabling a newly organized political party to get the names of its candidates on the ballot.

The next question presented is whether the Progressive Party is a political party as the same is defined in Ex parte Wilson, supra. The parties representing the Progressive Party take the position that the filing of a petition under 26 O.S. 1941 §229 constitutes the organization of a political party, and this seems to have been the view of the Secretary of State. Apparently the Secretary of State did not require any showing prior to the filing of the petition that the Progressive Party was in fact a political party within the definition above stated and acted on the assumption that the filing of the petition created the party. But at the hearing had on the protest to the sufficiency of the non-Communist affidavit, testimony was taken, and from that testimony it conclusively appears that aside from a meeting of some 20 people who nominated M. A. Shadid as chairman, Carl von der Lancken as secretary, and a few persons as a board of trustees, there had been no effort to organize the Progressive Party as a political party, or to formulate any of the principles for which that party stands. M. A. Shadid testified that the parties attending the meeting at which he was nominated chairman, and a secretary and trustees were also elected, was a standing committee "until such time as the party is organized and we call a state convention". Another witness, a member of the board of trustees, testified that there had never been a general party meeting nor an expression of party policy or party principles, and that there has never been a meeting attended by delegates for the purpose of adopting political principles to be advanced by the party, and upon which its nominees would stand. Thus it is clear from the testimony of the leaders of the Progressive Party that it is not in fact a political party, but that its organization as such is a matter which may be effected in the future, or which may

never be effected due to contingencies which may later arise.

The only group authorized to file a petition under section 229 is a political party under the plain terms of the statute. The filing of the petition does not create the party, the party must be in existence when it files the petition. The electors have an inherent right to form a political party without any reference to the statute quoted, but a political party must be something more than a temporary organization with a name and must come within the general definition of a political party as set out in Ex parte Wilson, supra.

Obviously, the mere filing of a petition does not of itself make the Progressive Party a political party within the purview of section 229, and before it has the right to file such petition and have the names of its nominees placed on the ballot, it must take steps to formulate and adopt the political principles for which it stands, and which its nominees will seek to carry out if elected, so that persons signing a petition to enable it to place its nominees on the ballot may do so intelligently with the knowledge of what the party stands for.

In view of the above we hold that the Progressive Party is not at this time a political party; that it has no right to have persons nominated by it placed upon the election ballots of this state, and that the filing of its petition to have its candidates placed upon the ballot was premature.

Peremptory writ of mandamus granted in cause No. 33588 directing the Secretary of State to recall the certificate issued by him to the State Election Board, and to revoke his approval of the petition of the Progressive Party.

Writ denied in cause No. 33607.

In cause No. 33672 the appeal is dismissed for the reason that our decision in cause No. 33588 renders it unnecessary to decide the question presented.

HURST, C.J., DAVISON, V.C.J., and WELCH, GIBSON, and ARNOLD, JJ., concur. CORN, J., dissents.

———

RILEY, J. (dissenting). This action involves an effort of an organization styling itself "The Progressive Party of Oklahoma" to obtain recognition as a political party and participate in the primary elections to nominate candidates for the November, 1948, general election.

The essential facts are that on March 30, 1948, there was filed with the Secretary of State a petition with 8,000 names of persons purporting to be qualified voters, signed thereto. The petition is headed by a purported warning applicable to initiative and referendum petitions. It is entirely unnecessary, and should be treated as mere surplusage. Said petition, omitting signatures, is as follows:

"Petition of the Progressive Party
of Oklahoma
A Political Organization

"To the Secretary of State,
of the State of Oklahoma:

"On behalf of and for the Progressive Party, a political organization, we, the undersigned, do petition the Secretary of State of the State of Oklahoma, by this petition, which is submitted under the provisions of Section 229 of Oklahoma Statutes Annotated, Title 26, and certify this petition to the Secretary of the State Election Board of the State of Oklahoma, for the purpose of authorizing the Secretary of the State Election Board to receive and accept the application and filing of all persons seeking to become candidates of said Progressive Party for public office to be submitted to the voters of the State, free and apart from any other political party in this State, and said Progressive Party to receive and be governed by all laws of this State pertaining to the present recognized political parties.

"Each of the undersigned does hereby certify that he, or she is a qualified

voter, residing at the address given opposite his or her signature appended below."

On April 2, 1948, the Secretary of State notified the Secretary of the State Election Board, in writing, that he had received and approved said petition and certified that the Progressive Party had complied with 26 O.S. 1941 §229 relating to the organization of political parties in the State of Oklahoma. He further certified that the chairman or executive head of the progressive Party had, on March 30, 1948, filed with him, as Secretary of State, the statement required by section 2, ch. 1, Title 26, S. L. 1941, commonly known as the non-Communist affidavit.

The plaintiff herein seeks a writ of mandamus compelling the Secretary of State to withdraw his approval of said petition and deny approval of said non-Communist affidavit.

Certain historical and legal background is pertinent. 26 O.S. 1941 §111 defines a political party and provides:

"A political party is an affiliation of electors representing any political organization which, at the next general election preceding, polled for President or Governor at least five per centum of the entire vote cast for either of said respective officers, or any such political organization which may have polled at least ten per centum of the vote of as many as three other states at the last election held in such states. Such political parties shall nominate their candidates as all other political parties and be governed by laws regulating the same. And such political party shall in no way use or conflict with the name of other political parties in the state. When such political parties fail to receive at two general elections, following each other, ten per centum of the vote cast for the party receiving the highest number of votes, it ceases to be a party. At the primary election held in August, 1914, any party which has a national recognition as a party shall be recognized as a political party in Oklahoma."

Particular attention is called to that part of said section which reads:

"At the primary election held in August, 1914, any party which had national recognition as a party shall be recognized as a political party in Oklahoma."

It is a matter of common knowledge, and the public record shows, that thereunder five political parties were recognized as such in the general elections in 1912 and 1914, and that the Progressive Party was one of them. The records show that the Progressive Party, at the general election in 1912, received 224 votes, and at the general election in 1914, said Progressive Party polled or cast 4,196 votes for Governor. Therefore, by the plain provision of the statute and the facts within common knowledge of all, and as shown by the public records, said Progressive Party was entitled to and did receive recognition in this state.

By failure to receive the requisite number of votes for the party candidates in 1914 and by failure to nominate candidates, the Progressive Party became inactive, and by default to nominate candidates in 1916, the party became dormant.

26 O.S. 1941 §229 applies to a party such as the Progressive Party which, having lost its right to recognition, seeks to regain recognition by filing a proper petition signed by 5,000 legal voters.

The petition in question fully complies with the statute, supra; the Secretary of State properly approved the petition.

But, if the Progressive Party of Oklahoma be considered as a new party, said section 229 is equally applicable. The requirement of the statute for the purpose is that a petition be signed by not less than 5,000 legal voters and filed with the Secretary of State. Upon compliance with statutory requirements, the Secretary of State examines, as he

has done, the petition, and if he finds the petition contains a sufficient number of signatures as required by section 229, supra, the political party, if it be a new party, comes into existence. That, however, is not sufficient to entitle such party to participate in any primary, general, or special election by having its candidates' names placed upon the ballots. By 26 O.S. 1941 §6.1, no political party shall be recognized or qualified to participate in any primary, special, or general election, which is directly or indirectly affiliated by any means with the Communist Party, the Third Communist International, etc. 26 O.S. 1941 §6.2 provides that from and after the effective date of said act (May 15, 1941) all political parties then organized in this state and all newly organized political parties shall file with the Secretary of State a statement, under oath by its officers, setting forth certain matters stating and showing that such political party is not connected or affiliated in any way with the Communist Party, Third Communist International, etc. This is generally referred to as the "non-Communist affidavit".

The record discloses that in this case such a statement, in the form prescribed by the statute, duly verified, was filed with the Secretary of State. When and if that statement is approved by the Secretary of State, as provided in 26 O.S. 1941 §§6.3 and 6.4, the political party will then be entitled to be recognized and qualified to participate in any primary, special, or general elections to be held in this state in the year 1948.

Such statement appears to have been filed with the Secretary of State on March 30, 1948. Under the provisions of said section, such statement cannot be approved or disapproved by the Secretary of State until the expiration of 30 days from the date it was filed with him. Therefore, the date after which final approval or disapproval of said statement could be made was April 29, 1948.

Title 26, O.S. 1941 §229, supra, must apply to newly organized political parties as well as parties heretofore recognized which have become dormant; otherwise, there is no provision for the organization of any new political party in this state. That a new political party may be organized in this state is clearly recognized by the requirement of the "non-Communist affidavit", by use of the phrase **"newly organized political parties"** as employed in 26 O. S. 1941 §6.2, supra.

If the Legislature takes unto itself the regulation and control of the internal affairs of a political party, it must do so without discrimination and with equal consideration for all. There is no requirement of law that any political party shall be required to set forth or file with the Secretary of State, or anywhere else, the principles for which it stands, how or when it was organized, or who was elected or selected as the executive head of such political party. The two principal political parties in this state are not required to set forth the principles for which they stand, how or when or in what manner they were organized, or by whom and in what manner their principal officers or executive heads were elected. That should not be required, and is not required, of any newly organized political party. What is required of old, as well as new parties, is a showing, under oath, that the party is in no way affiliated with the Communist Party. That showing must be made by the affidavit of a person who must state that he is "the chairman or executive head of the duly constituted governing body of the party", naming it, and the further statement relative to non-Communist affiliations.

We entered statehood in 1907 under the slogan: "Let the people rule". That is in fact the principle of all free governments and is one of the great principles of the Declaration of Independence which states that all men are created equal, that they are endowed by their creator with certain unalien-

able rights, that among these are life, liberty, and the pursuit of happiness, and that to secure these rights governments are instituted among men deriving their just powers from the consent of the governed. The means of consenting to powers of government is by or through the ballot at free and open elections, and the right to select their representatives and officers and legislators. Our Constitution provides that all elections must be free and equal. How can it be said that a law which protects by legislation a certain number of citizens in forming a political party and deprives a fewer number of citizens forming another political party of the same protection is not violative of that constitutional provision?

The law must apply to all political parties. It does not require a showing as to what political principles the party advocates, but does require a showing as to certain political principles, to wit, Communist principles, a party does not and must not advocate in order to obtain recognition.

It is a matter of common knowledge and the record shows that the Socialist Party was recognized in this state in 1912 to 1928, inclusive. It failed to receive the requisite number of votes and lost recognition from 1928 to 1932. In 1934 the Socialist Party regained recognition from 1934 to 1936. It was under exactly the same provision and the same statute as is now in force except as to 26 O.S. 1941 §§6.1 to 6.5, inclusive, that the Socialist Party was reinstated. In that case the petition was filed as provided in 26 O.S. 1941 §229, just as was the petition in the instant case. How can it be said that the Socialist Party was entitled to enjoy rights of revival under that statute and the Progressive Party denied such right under identical circumstances? There is nothing to show that the Progressive Party in Oklahoma is any nearer Communist than the Socialist Party was in 1934. It has been said that a Communist is only a Socialist in a hurry. Henry J. Taylor.

Since the time for approval or disapproval of the non-Communist affidavit had not expired at the time the petition herein was filed, we do not at this time consider the sufficiency of said non-Communist affidavit. That is a matter to be passed upon first by the Secretary of State and we have no information as to his action thereon after the 29th day of April, 1948.

The writ should be denied.

The reasoning above stated applies to the causes numbered 33607 and 33672. It is my view that within a democratic state or commonwealth, a government by the people must indulge a participation by all qualified, who desire to participate, as electors.

———

CORN, J. (dissenting). I cannot agree with the majority opinion.

For determination of the issues in this case, it is only necessary to consider 26 O.S. 1941 §§6.2 and 229, as follows:

"6.2 Statement of officers of newly organized party.-From and after the effective date of this act all political parties now organized in this State and any newly organized political party, shall file with the Secretary of State a statement by its officers, under oath, upon the following form:

"United States of America ⎫
⎬ SS
"State of Oklahoma ⎭

"I, _____, after being first duly sworn, upon oath say:

"I am the Chairman or Executive Head of the duly constituted governing body of the _____political party in the State of Oklahoma, and am authorized to make this statement. I swear that said political party advocates and teaches its members to support and defend the Constitution of the

United States and the Constitution of Oklahoma; that said party is not affiliated with the Communist party, the Third Communist International, or any foreign political agency, party, organization or government, nor does said party, either directly or indirectly, advocate or teach a program of sabotage, force or violence, sedition or treason against the government of the United States of America or of this State, nor does it directly or indirectly advocate or teach by any means the overthrow of the government of the United States of America or of this State, or change in the form of government thereof.

"Attest:

"_____

"Secretary

"(Seal)

"Subscribed and sworn to before me this _____day of _____, 19_____

_____
                              Notary Public

"My Commission expires"

"§229. Political parties placing names on ballot by petition. -Any political party presenting a petition of 5,000 names of voters of Oklahoma, to the Secretary of State, and the same being approved by the Secretary of State, the Secretary of the State Election Board shall then place the names of the candidates of the party submitting said petition on a ballot similar to that of the major parties in Oklahoma, and it shall be mandatory on the part of the Secretary of the Election Board to prepare said ballot when said petition has been approved by the Secretary of State, and upon filing and approval of said petition for State officers shall be sufficient to permit candidates for Congress, District Judge or other minor officers appearing on the State and County ticket. Laws 1923-24, ch. 151, p. 214."

The electors of the state have an inherent right to organize a political party, in the following manner, as was done in this case. First. By a number of electors meeting, forming and selecting a name for the new political party and electing a Chairman and Secretary. Second. By filing with the Secretary of the State a statement as provided in 26 O.S. 1941 §6.2.

When those two steps were taken the organization was complete. In order to get the names of its candidates for office on the ballot, it was necessary to comply with 26 O.S. 1941 §229.

A reading of section 6.2, supra, shows our Legislature had in mind that a new political party could be formed when it used the language "and any newly organized political party."

Section 229, supra, in part says: "Any political party presenting a petition of 5,000 names of voters," shows conclusively to my mind that a political party would first have to be organized before the petition could be presented to the Secretary of State.

It is my view that proper steps were taken to comply with section 6.2, supra, when, after the new political party was organized, its officers, on January 27, 1948, filed a statement under oath with the Secretary of State.

Compliance with section 229, supra, had nothing to do with the organization of the political party but was necessary only in order to get the names of its candidates placed on the ballot.

I respectfully dissent.

_____

## On Rehearing.

PER CURIAM. In the petition for rehearing filed in this court, counsel for the Progressive Party contend that this court, when it wrote the original opinion disposing of the three above-styled cases, did not have before it a complete transcript of the testimony taken before the Secretary of State, and insists that the testimony before the Secretary of State established that it was a political party within the definition contained in Ex parte Wilson, 7 Okla. Cr. 610, 125 P. 739, which definition was quoted in our original opinion.

In the petition for rehearing counsel states that "The basic issues of political

principles and objectives of the Progressive Party of Oklahoma were admitted in evidence in the April 12th hearing before the Secretary of State."

The record of the hearing of April 12, 1948, is attached to the petition for rehearing as Exhibit 3. In that record appears a statement by counsel for the Progressive Party; a pertinent part of said statement reads as follows:

"Now I am just going to quit that. I will read to you, since it has turned up as it has, I will read to you the statement of the proposed Progressive Party of Oklahoma, and Mr. Secretary of State, since the witness hasn't referred to, or mentioned by name a single individual in this organization, or has he questioned the patriotism or integrity of any man, woman or child connected with this proposed political party, it doesn't amount to a hill of beans. It amounts to a lot of statements made here, there and yonder, **but this party isn't organized in Oklahoma yet,** and it hasn't had a state convention, and it hasn't endorsed anybody. You might as well say the Truman party, that is, if we are going to elect Mr. Truman, or the Dewey party. He calls it the Wallace Party, but he hasn't had a precinct convention, a state convention. Here is the Statement on the Proposed Progressive Party of Oklahoma by its present Chairman: Dr. M. A. Shadid." **(Emphasis ours.)**

Counsel then quoted from a statement by M. A. Shadid, the chairman of the executive committee of the Progressive Party, as follows:

"The Progressive Party of Oklahoma has had no convention and therefore has not adopted any platform nor nominated anyone for the office of President of the United States, or any other office."

These statements in plain and unmistakable language support the statements referred to in our original opinion negativing the existence of the Progressive Party as a political party. In the statement of M. A. Shadid referred to by counsel, and also attached to the petition for rehearing, the chairman of the proposed party sets out no definite statement of the principles for which the proposed party stands, for the obvious reason that it had not adopted any, but says that without doubt it will strive for the betterment of the conditions of life for the people of Oklahoma; that it may be presumed that the party will fight for certain things, and that it will do and insist on various other things which will improve and better the lives of the citizens of Oklahoma, but the whole statement is simply a prediction of what, in the judgment of the chairman, the party will adopt as its program if and when it adopts one. It clearly negatives any inference of the previous adoption of party principles.

The record attached to the petition for rehearing completely controverts the assertion in the petition that the Progressive Party is an organized party, and supports the conclusion reached in our original opinion.

The petition for rehearing is denied.

HURST, C.J., DAVISON, V.C.J., and WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. CORN, J., dissents.