442 P.2d 766

**AMERICAN INDEPENDENT PARTY IN IDAHO, INC., a corporation, George C. Wallace, Marvin P. Griffin and A. Watson Conner, Plaintiffs-Appellants and Cross-Respondents,**

v.

**Pete T. CENARRUSA, Secretary of State of the State of Idaho, Defendant-Respondent and Cross-Appellant.**

**No. 10269.**

Supreme Court of Idaho.

July 2, 1968.

---

Roberts & Poole, Boise, for appellants and cross-respondents.

Allan G. Shepard, Atty. Gen., and Daniel A. Slavin, Asst. Atty. Gen., Boise, for respondent and cross-appellant.

TAYLOR, Justice.

Plaintiffs American Independent Party in Idaho, Inc. a non-profit Idaho corporation, A. Watson Conner, state chairman of American Independent Party, Inc., and George C. Wallace and Marvin P. Griffin, candidates for the nomination of the American Independent Party for the offices of president and vice president of the United States, brought this action in the district court against defendant Pete T. Cenarrusa as secretary of state of the state of Idaho, seeking a judgment declaring the rights and status of the American Independent Party, and the rights and status of the individual plaintiffs as an officer of, and as candidates for nomination by, that party under the constitution and laws of this state. Incident to the relief sought, plaintiffs prayed that I.C. § 34–602[1] be adjudged unconstitutional and that the predecessor statute, § 2, ch. 107, 1919 S.L., as amended by ch. 83, 1927 S.L., which was repealed in the same act by which I.C. § 34–602 was enacted (ch. 18, 1931 S.L.) be recognized as existing law by reason of the unconstitutionality of the successor section.

Plaintiffs further prayed judgment declaring the right of the American Independent Party to appoint or elect party officials by suitable process and to nominate candidates for national, state and local offices, including presidential electors.

The district court declared I.C. § 34–602 unconstitutional, but denied plaintiffs further relief. Plaintiffs brought this appeal from the judgment denying the additional relief sought, and the defendant cross-appealed from the portion of the judgment declaring I.C. § 34–602 unconstitutional.

We agree with the ruling of the trial court as to the constitutionality of I.C. § 34–602. That statute is unconstitutional when and as applied to a political organization, or affiliation of electors, which was not in existence at the time of the last preceding general election.

"All political power is inherent in the people. Government is instituted for their equal protection and benefit, and they have the right to alter, reform or abolish the same whenever they may deem it necessary; and no special privileges or immunities shall ever be granted that may not be altered, revoked, or repealed by the legislature." Idaho Constitution, art. 1, § 2.

The right of suffrage is specifically guaranteed by our state constitution, art. 1, § 19:

"No power, civil or military, shall at any time interfere with or prevent the free and lawful exercise of the right of suffrage."

The right of citizens to organize, and give expression and effect to their political aspirations through political parties is inherent in, and a part of, the right of suffrage. State ex rel. Baldwin v. Strain, 152 Neb. 763, 42 N.W.2d 796 (1950) (construing Nebraska Constitution, art. 1, § 22, similar to Idaho Constitution, art. 1, § 19); Cooper v. Cartwright, 200 Okl. 456, 195 P.2d 290 (1948) (construing Oklahoma Constitution, art. 3, § 7, similar to Idaho Constitution, art. 1, § 19); State ex rel. Ekern, et al v. Dammann, 215 Wis. 394, 254 N.W. 759 (1934); Communist Party of United States of America v. Peek, 20 Cal. 2d 536, 127 P.2d 889 (1942); Independent Progressive Party v. County, 31 Cal.2d 549,

[1] "A political party, within the meaning of this act, is an affiliation of electors representing a political organization under a given name, which at the last preceding general election cast for any candidate on their ticket for office within the state at least ten per cent (10%) of the total vote cast for all candidates for the same office within the state, and upon which ticket there were a least three (3) nominees for state office."

191 P.2d 6 (1948); · Britton v. Board of Election Com'rs, 129 Cal. 337, 61 P. 1115, 51 L.R.A. 115 (1900); see State ex rel. Mills v. Stewart, 64 Mont. 453, 210 P. 465 (1922). To give effect to I.C. § 34–602 would make it a practical impossibility to form a new political party, since that section would require a "political organization" to have received 10% of the votes cast for a state office at the last general election in order to constitute such organization a "political party." Thus, the statute would deny to citizens of the state a right reserved to them by art. 1, § 19, of the constitution.

The legislative act [2] by which I.C. § 34–602 was enacted, specifically repealed the former definition of a political party contained in S.L. 1919, ch. 107, § 2, as amended by S.L. 1927, ch. 83, which was as follows:

"A political party, within the meaning of this Chapter, is an affiliation of electors, representing a political organization under a given name, which at the last preceding general election cast for any candidate on their ticket, within this State, *5 per cent or more of the total vote cast for all candidates for such office within the State, and upon which ticket there were at least three nominees for state offices, or an affiliation of * * * *not less than 1500 electors,* who shall, at least 30 days before the date of the primary, file with the Secretary of State a written notice that they desire recognition as a political party, which said notice shall contain: 1. The name of the proposed party. 2. That the subscribers thereto have affiliated one with another, for the purpose of forming such party, and, 3. That the subscribers to such notice intend to nominate at least three candidates for state offices whereupon such affiliation shall, under the party name chosen, have all the rights of a political party whose ticket shall have been on the ballot at the preceding general election."

■ When a statute by express language repeals a former statute and attempts to provide a substitute therefor, which substitute is found to be unconstitutional, the repeal of the former statute is of no effect, unless it clearly appears that the legislature intended the repeal to be effective even though the substitute statute were found invalid. Selective Life Ins. Co. v. Equitable Life Assur. Soc. of U. S., 101 Ariz. 594, 422 P.2d 710 (1967); Abrahams v. Superior Court, New Castle County, 11 Terry 394, 50 Del. 394, 131 A.2d 662 (1957); Kansas City v. Robb, 164 Kan. 577, 190 P.2d 398 (1948); State ex rel. Musa v. Minear, 240 Or. 315, 401 P.2d 36 (1965); State v. Kolocotronis, 436 P.2d 774 (Wash.1968); Bissett v. Pioneer Irrigation District, 21 Idaho 98, 120 P. 461 (1912); Lemhi Co. ex rel. Gilbreath v. Boise Livestock Loan Co., 47 Idaho 712, 278 P. 214 (1929); see Berry v. Summers, 76 Idaho 446, 283 P.2d 1093 (1955).

■ We therefore conclude that as to a political organization or party coming into being ·subsequent to the last general election, the former statute, S.L. 1919, ch. 107, § 2, as amended by S.L. 1927, ch. 83, § 517, remains in full force and effect.

■ As to plaintiffs' claim of entitlement to relief additional to that granted by the trial court, they complain of the application to them of other sections contained in Title 34, ch. 6, of the Idaho Code, entitled "Nominating Elections." This chapter was also enacted by the 1931 session as ch. 18. Some subsequent modifications have been made by succeeding sessions. Thus, the 1931 legislature, and subsequent legislatures, enacted the provisions governing nominating elections having in mind the definition of "political party" as contained in § 34–602. So that, wherever "political party" is referred to in Title 34, ch. 6, reference was made only to parties in existence at the time of the last preceding general election, and not to newly formed political parties. Hence, the legislature

2. Ch. 18, 1931 S.L., §§ 2, 49.

could not have intended those provisions to have application to newly formed parties.

Insofar as such statutes are applicable to all citizens and not just to political parties, plaintiffs do not complain, and they are bound thereby in the same manner as all other citizens of the state. But, the provisions of Title 34, ch. 6, dealing directly and specifically with political parties, to the extent that a newly formed party— coming into existence subsequently to the last general election—cannot comply therewith, are inapplicable to the plaintiffs. State ex rel. Mills v. Stewart, 64 Mont. 453, 210 P. 465 (1922). The reason is that application of such provisions to the plaintiffs would deprive them of the right to organize and exercise their suffrage through a newly formed political party, in violation of the constitution, and such application of these provisions would render the same unconstitutional.

■ If the American Independent Party in Idaho, Inc. successfully becomes a political party within the meaning of S.L. 1919, ch. 107, § 2, as amended by S.L. 1927, ch. 83 § 517, and participates in the 1968 election, it would thereafter be required to comply with the totality of Title 34, ch. 6, in future elections.

■ Where, as here, there are no applicable legislative directives controlling the organization and activities of a newly formed party, such an organization may nominate candidates and conduct its internal affairs by such reasonable procedure and method as it may choose, so long as such procedure and method are conformable to our republican form of government (U.S.Const. art. 4, § 4; Idaho Admission Bill, Preamble, 26 Stat.L. 215, ch. 656) and are pursued and conducted in good faith. People ex rel. Kell v. Kramer, 328 Ill. 512, 160 N.E. 60 (1928); O'Neil v. O'Connell, 300 Ky. 707, 189 S.W.2d 965, 169 A.L.R. 1271 (1945); Holmes v. Holm, 217 Minn. 264, 14 N.W.2d 312 (1944); State

ex rel. Mills v. Stewart, 64 Mont. 453, 210 P. 465 (1922); Tucker v. State Board of Alcoholic Control, 240 N.C. 177, 81 S.E.2d 399 (1954); Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87 (1954); Seay v. Latham, 143 Tex. 1, 182 S.W.2d 251, 155 A.L.R. 180 (1944); Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269, 153 A.L.R. 1054 (1944); Beene v. Waples, 108 Tex. 140, 187 S.W. 191 (1916); State ex rel. Ekern v. Dammann, 215 Wis. 394, 254 N.W. 759 (1934).

■ Moreover, where the legislature has failed to provide applicable restrictions, the courts will not create restriction by judicial fiat. State ex rel. Mills v. Stewart, 64 Mont. 453, 210 P. 465 (1922); State ex rel. Ekern v. Dammann, 215 Wis. 394, 254 N.W. 759 (1934).

In reaching our decision in this case we have given consideration to art. 6, § 4 [3] of our State Constitution, and have construed it in its relation to art. 1, §§ 2 and 19, supra.

■ The record before us does not show that the defendant, as secretary of state, has been asked, or has refused, to perform any lawful act by law required of him. Hence, no judicial mandate is in order.

The judgment is affirmed in part, and in part reversed, and the cause is remanded to the district court for further proceedings not inconsistent herewith.

No costs allowed.

SMITH, C. J., and McFADDEN and SPEAR, JJ., concur.

McQUADE, Justice (concurring).

I agree with the majority opinion's conclusion, but I wish to make it clear that I am not in accord with two points therein.

First, in the majority opinion's language:

"When a statute by express language repeals a former statute *and attempts to*

3. "The legislature may prescribe qualifications, limitations, and conditions for the right of suffrage, additional to those prescribed in this article, but shall never annul any of the provisions in this article contained."

*provide a substitute therefor, which substitute* is found to be unconstitutional, the repeal of the former statute is of no effect, unless it clearly appears [from the act] that the legislature intended the repeal to be effective even though *the substitute statute* were found invalid." (Emphasis mine).

Such a fiction has a certain validity when the later statute intends to "amend and replace" the former, thereby leaving legislative rules in its "place and stead." Bissett v. Pioneer Irrigation District, 21 Idaho 98, 101, 120 P. 461, 462 (1912). Accord Lemhi Co. ex rel. Gilbreath v. Boise Livestock Loan Co., 47 Idaho 712, 278 P. 214 (1929). For in that event the legislature has demonstrated not once, but twice (or more), that the subject area of enactment shall be occupied and governed by legislation.

However, the present situation is quite different. Here the most recent legislation, codified as I.C. § 34–602, deleted (by implication) the previously enacted method of forming a new political party, inserting nothing in its place. No substitute was provided, there was no replacement; no legislative rules were given in lieu of the former governing formation of a new party. This elimination merely left a legislative void with respect to formation of a new political party, and in such a situation the fiction of conditional repeal (depending on constitutionality of the repealing statute) becomes a fantasy. Thus, I would not treat the repealed statute (Idaho Sess.L.1919, ch. 107, § 2, pp. 372–373, as amended by Idaho Sess.L.1927, ch. 83, § 517, pp. 101–102) as having been revived by our decision that I.C. § 34–602 is unconstitutional. I would look to it for guidance, but I would not consider it, as does the majority, "remain[ing] in full force and effect."

Second, the majority opinion cites several cases for the proposition that the constitutional right of suffrage encompasses "The right of citizens to organize, and give expression and effect to their political aspirations through political parties." Ex-

amination indicates that of these cases, direct authority for the proposition stated, in the context of this action, is found only in the California cases, especially Britton v. Board of Election Com'rs, 129 Cal. 337, 61 P. 1115, 51 L.R.A. 115 (1900), and Independent Progressive Party v. County Clerks of Alpine County, 31 Cal.2d 549, 191 P.2d 6 (1948). The other opinions recite the proposition but it is not properly part of their holdings.