## MEXICAN DAM AND DITCH CO. ET AL. *v.* DISTRICT COURT OF FIRST JUDICIAL DISTRICT, IN AND FOR ORMSBY COUNTY, ET AL.

No. 2867

July 1, 1930. 289 P. 393.

*Cantwell & Springmeyer* and *Wm. M. Kearney,* for Petitioners:

*M. A. Diskin,* Attorney-General, and *Wm. J. Forman,* Deputy Attorney-General, for Defendants:

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in prohibition to restrain the respondent court from adjudicating the relative rights of appropriators of water upon the Carson River stream system.

The grounds relied upon to sustain the contention that the respondent is without jurisdiction are: (1) That no petition was ever filed with the state engineer by the water appropriators of the stream system requesting proceedings be instituted by that officer to have the water rights of such stream system determined. (2) In brief, that the state engineer did not make observations, maps, gather data, and otherwise comply with the law, but relied upon data obtained by A. E. Chandler, who acted as and gathered such information pursuant to a void law. (3) That the state engineer, on April 10, 1920, mailed notice to various parties of his intention to determine the rights of the appropriators of water upon said stream system, but that all of the then and present owners of lands and water rights along and upon said stream system were not so notified. (4) That the said state engineer did not include the entire Carson River stream system within the State of Nevada in his order of determination, and did not determine all of the existing rights in said stream system. And (5) that the United States of America, on May 11, 1925, and long prior to the institution of this proceeding in the respondent court, initiated proceedings in the District Court of the United States for the District of Nevada against the petitioners and all other users of and claimants to the waters of the Carson River stream system, to adjudicate, establish, and fix· the relative rights of all parties and persons in and to the waters of said Carson River and its tributaries.

Upon the filing and reading of the petition, it was ordered that an alternative writ issue herein. In due time the respondent appeared, by the Attorney-General, and filed his return, wherein it is set forth that the Carson River has its origin in Alpine County, Cal., and flows through Douglas, Ormsby, and Lyon Counties, Nevada, and into Churchill County, Nevada, where its waters which are not used for irrigation disappear in the "Carson Sink." It then sets forth the various steps taken by various state engineers preliminary to an adjudication of the relative rights of the water

users along said stream system, alleging, among other things, that due notice had been given the water users thereon and that the state engineer had made an order of determination of such relative rights and caused a copy thereof to be filed with the county clerk of Ormsby County, Nevada, who is ex officio clerk of the district court of the First judicial district court of Nevada, in and for Ormsby County. It is further alleged that thereafter Glenn F. Engle, deputy state engineer, filed in said cause in said clerk's office an affidavit of jurisdictional requisites, a copy of which, marked "Exhibit A," is made a part of such return and filed therewith.

Other matters are set forth in the return, which it is not necessary to here refer to.

■ It is clear that the writ must issue as prayed. Section 34 of the water law, as amended (Stats. 1915, c. 253, p. 380), points out the procedure necessary to the obtaining of jurisdiction of the parties by the district court, subsequent to the filing of the "Order of Determination" with the county clerk. One of the necessary steps is the publication in some newspaper of general circulation, published in each county in which the stream system or any part thereof is located. It does not appear that this was done, in that no publication was ever had in such a paper published in Churchill County. Until this is done the district court cannot acquire jurisdiction to hear the matter and to enter a decree adjudicating the relative rights of all of the water users on the Carson River stream system.

■ There is no merit in the contention that no petition was presented to the state engineer signed by one or more water users, requesting that the rights of the users of the stream system be determined. The state engineer initiated the proceeding on his own accord, as he is expressly authorized by section 18, Stats. 1913, c. 140, to do.

Nor is there merit in the contention that the state engineer used maps and data procured by State Engineer Chandler pursuant to the Act of 1903 (Stats. 1903, c. 4, p. 24).

It is said that this act was declared unconstitutional and void by this court. We have not been cited to the case so holding, and know of none.

■ The act mentioned was expressly repealed by the act of 1907 (Stats. 1907, c. 18, p. 30), but the maps were made by the state engineer pursuant to its authority, prior to its repeal. Whether certain sections of the act were void under authority of Ormsby County v. Kearney, 37 Nev. 314, 142 P. 803, we need not determine, for certain sections might have been void and others be valid.

■ However, the state engineer considered the maps and data in question pursuant to statute (Stats. 1913, c. 140, sec. 21) which the legislature had authority to enact. 12 C. J. 982; Cooley's Const. Lim. (6th ed.) 450.

In view of the conclusion we have reached, we do not deem it necessary to consider the other points suggested.

In view of the failure to publish notice as pointed out, it is ordered that the writ issue as prayed.