STATE OF NEVADA, ON THE RELATION OF CLOVER VALLEY LUMBER COMPANY, A CORPORATION, PETITIONER, *v.* THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF PERSHING, AND HONORABLE L. O. HAWKINS, DISTRICT JUDGE, RESPONDENTS.

No. 3242

November 2, 1938.                    83 P.(2d) 1031.

*Edward F. Lunsford,* for Petitioner:

*W. A. Wilson* and *Art E. Jeffers*, for Respondents:

*L. D. Summerfield* and *Harlan L. Heward*, Amici Curiæ:

## OPINION

By the Court, GUILD, District Judge.

The petitioner, Clover Valley Lumber Company, a corporation, has petitioned for a writ of mandamus, directed to Honorable L. O. Hawkins, Judge of the sixth judicial district court of the State of Nevada, in and for the county of Pershing, to call in another judge to hear, try and determine a cause entitled "Harry Lee Brutan, plaintiff, v. C. D. Terwilliger and the Jungo Star Gold Mines Company, a corporation, defendants," and in which action the petitioner, Clover Valley Lumber Company, a corporation, has been made party defendant in the action.

The petitioner alleges that on the 24th of June 1938, it filed with the clerk of said court, in which said action was then, and is now, pending, an affidavit for change

of judge, made by J. J. Pelmar, the assistant secretary of said Clover Valley Lumber Company, a corporation, and simultaneously deposited the sum of $25 cash with said clerk and filed an affidavit of prejudice, or bias, and made its request of said Honorable L. O. Hawkins, judge aforesaid, that he request the judge of some other district court to preside at the hearing and trial of said action. The petitioner alleges that the request was made in accordance with that certain act of the legislature of the State of Nevada entitled, "An Act to amend an act entitled 'An act concerning the courts of justice of this state and judicial officers,' approved January 26, 1865, as amended, by amending section 45 thereof and by adding two additional sections to said act, to be known as sections 45a and 45b," approved March 25, 1931, Stats. 1931, c. 153.

An alternative writ issued out of this court on the 29th day of June 1938, made returnable on the 18th of July 1938. The matter was presented, and argued by respective counsel, and amicus curiæ, to the court on the 20th of July 1938 and submitted.

The essential matters of respondents' answer set forth that the request for change of judge was filed under the provisions of section 8407 N. C. L. 1929, as amended in the session laws of 1931, c. 153, p. 247, and entirely disregarded the amendments to said section 8407 as made by the session laws of 1937, page 214; that the request was not timely filed; that the fee of $25 cash was not deposited with the clerk of the district court; that several contested matters in said action had been determined, heard and disposed of by the presiding judge, and that the matter was on June 14 set for trial for the 30th of June 1938. The answer further alleges that on June 24, 1938, a second request for change of judge was filed in the said court and cause, without first having obtained the consent in writing of the judge to whom the request or application was first made, all of which was in violation of rule XI,

subdivision fourth thereof, and rule XLII of the rules of the district court of the State of Nevada; and further alleges that although the second request for change of judge was not denied prior to the time the alternative writ of mandamus was served upon respondent, that the respondent admits that he would have denied said second request or application for change of judge, and will, unless the supreme court requires otherwise, deny said request.

It appears that at the time of the making of the first request the petitioner deposited a check with the clerk of the court, and that later, and in the second request, cash was tendered to the clerk. The receipt of the clerk in the sum of $25, dated June 24, is an exhibit in the matter, as is also the notice of request for change of judge, and the affidavit of J. J. Pelmar, charging bias and prejudice, as aforesaid.

The reply to the answer sets forth that the attorney for the relator upon filing the affidavit for change of judge gave the said clerk the attorney's check in the sum of $25; that the clerk accepted said check and filed said affidavit of bias or prejudice referred to in the proceedings; and further sets forth that no rule of the district court is applicable to this proceeding, as related by respondent, for the reason that the matter is not a motion, writ, rule or order as contemplated by and referred to in the above rules of the district court, but, on the contrary, that the proceeding is under a statute which neither contemplates nor implies any motion, application or petition shall be filed or made to the court.

We are in accord with this viewpoint.

Petitioner further replies and denies that the petitioner's second request had not been denied prior to the time of service of the alternative writ of mandamus herein; and alleges that the conduct on the part of the respondent in failing, omitting and declining to grant said request for change of judge up to and including a

few moments prior to the time set for trial signified a clear and unequivocal intention on the part of the respondent not to grant the request for change of judge, amounting in the law to a refusal so to do.

The issue comes before us squarely upon the interpretation and construction of the 1937 amendment of section 8407 N. C. L. 1929.

For many years, and prior to 1931, our statute read as follows:

"Judge Disqualified, When—Proviso. A judge shall not act in such an action or proceeding: First, when he is a party or interested in the action or proceeding. Second, when he is related to either party by consanguinity or affinity within the third degree. Third, when he has been attorney or counsel for either of the parties in the action or proceeding. Fourth, when he is related to an attorney or counsellor for either of the parties by consanguinity or affinity within the fourth degree; provided, that this section shall not apply to the arrangement of the calendar, or the regulation of the order of business; and provided further, that the fourth subdivision of this section shall not apply to the presentation of ex parte or uncontested matters, except in fixing fees for attorneys related within the degree of consanguinity or affinity therein specified." Section 8407 N. C. L. 1929.

In 1931 the legislature amended said statute, as follows:

"SEC. 45. A judge shall not act as such in an action or proceeding: First, when he is a party or interested in the action or proceeding. Second, when he is related to either party by consanguinity or affinity within the third degree. Third, when he has been attorney or counsel for either of the parties in the action or proceeding. Fourth, when he is related to an attorney or counselor for either of the parties by consanguinity or affinity within the fourth degree. Fifth, if either party

to a civil action in the district court or his or its attorney or agent shall file an affidavit alleging that the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial, the said judge shall at once transfer the action to some other department of the court, if there be more than one department of said court in said district, or request the judge of some other district court of some other district to preside at the hearing and trial of such action; provided, the party filing such affidavit for change of judge shall at time of filing same pay to the clerk of the court in which such affidavit is filed the sum of twenty-five dollars, which sum shall be by the clerk transmitted to the state treasurer, who shall place the same to the credit of the district judge's traveling expense fund; provided, that this section shall not apply to the arrangement of the calendar, or the regulation of the order of business; and provided further, that the fourth subdivision of this section shall not apply to the presentation of ex parte or uncontested matters, except in fixing fees for attorneys related within the degree of consanguinity or affinity therein specified. * * *

"SEC. 45A. No judge or court shall punish for contempt anyone making, filing or presenting such affidavit or motion founded thereon. * * *

"SEC. 45B. Not more than one change of judge may be granted in any action, but each party shall be heard to urge his objections to any judge in the first instance, and the change of judge shall be to the most convenient judge to which the objections of the parties do not apply or are least applicable. If the parties agree upon a judge then such judge shall be selected."

Statutes 1931, page 247, c. 153, secs. 1–3.

This act was by this court held to be constitutional. State ex rel. Beach v. District Court, 53 Nev. 444, 5 P. (2d) 535.

The act as amended by the 1931 statute has been the subject of much controversy. In the opinion of the writer, it is considered to be harsh and unfair by most of the presiding judges of our district courts, in giving them no opportunity to reply to an affidavit filed against them for bias or prejudice, and they had no alternative other than to comply with the request of the party using the statute against them. The legislature of 1937 passed an amendment, reading as follows:

"SEC. 45. A judge shall not act as such in an action or proceeding: First, when he is a party to, or interested in the action or proceeding; second, when he is related to either of the parties, plaintiff or defendant, by consanguinity or affinity within the third degree; third, when he has been attorney or counsellor for either of the parties in the (particular) action or proceeding to be tried; fourth, when he is related to an attorney or counselor for either of the parties to the action or proceeding by consanguinity or affinity within the fourth degree; fifth, if any of the parties to a civil action or proceeding to be tried in any district court of this state, or his or its attorney or agent, shall make and file a request for a change of judge in the hearing and trial of such civil action or proceeding, such district judge shall at once transfer the action or proceeding to some other department of the court, if there be more than one department of said court in such district, or in the event there is only one department of the district court in such district, such district judge shall call in a district judge from some other district of this state to preside at the hearing and trial of said civil action or proceeding and to hear all further proceedings to be had therein; provided, that in the event any party shall make and file such request, the same must be filed with the clerk of such district court before the hearing of any contested matter in said action or proceeding has commenced, and/or in the event that no contested matter has been heard in said action or proceeding

prior to the trial thereof, then in that event said request must be made and filed at least five days prior to the date set for the trial of said action or proceeding; provided, however, that this section shall not apply to the arrangement of the court calendar or the regulation of the order of the business of the court; and provided further, that the fourth subdivision of section 1 of this act shall not apply to the presentation of ex parte or uncontested matters except in fixing fees for attorneys related within the fourth degree of consanguinity or affinity as therein specified.   *   *   *

"SEC. 45B.   Not more than one change of judge shall be granted in any civil action, whether such change be made upon request made or filed or upon a judge's own motion, but each party to the action shall be given an opportunity to urge any objection he may have to the judge to whom such action is to be assigned at the time such assignment is made, and the judge assigning such action shall pass upon any objection so made.   If the parties in open court or by written stipulation filed in the action agree upon the judge to whom the action is to be assigned then such judge shall be selected, otherwise the judge of the court where such action has been commenced shall select the judge."

Statutes 1937, page 214, c. 117, secs. 1, 2.

There can be no doubt but that the 1937 amendment sought to modify the then existing law.   The policy of these matters is spoken by the people through the legislature, and if the statute is wrong it is up to the people speaking through the legislature, to remedy it.

█   There can be no doubt, in our opinion, as to the unconstitutionality of the amendment of 1937.   Our authority for reaching this conclusion is contained in the case of Daigh v. Schaffer, 23 Cal. App. (2d) 449, 73 P. (2d) 927, California district court of appeals, third district, in which that court had this to say of a statute very similar to the 1937 amendment:

"That the Legislature has plenary power to prescribe

the grounds which shall constitute the disqualification of a judge is undoubtedly the law, but that its power to delegate to a private citizen or to an attorney at law the right to determine that disqualification, based upon his or their own peculiar wishes, desires or antipathies, is an entirely different matter." [Page 930.]

The 1937 amendment to the California statute is different only to the 1937 amendment to the Nevada statute in using the words "peremptory challenge" as distinguished from, in our statutes, "request for change of judge." The supreme court of the State of California in Austin v. Lambert, 77 P. (2d) 849, 115 A. L. R. 849, also declared the 1937 statute of California unconstitutional, and, as we read the above decision, based its conclusion upon the fact that the act was an unwarranted interference with the constitutional powers and duties of a judge upon mere caprice or whim of a party litigant, and that there is nothing said in the new amended section about bias, prejudice, interest, or any other recognized ground for disqualification. It is to be noted that in each instance in which an act of this kind has been declared to be constitutional by courts of last resort in sister states the courts have held that an affidavit of bias or prejudice, under oath, is at least some showing, or an imputation for the disqualification of a trial judge, and is sufficient to save the statute from successful attack on constitutional grounds.

Being thus of the opinion that the 1937 amendment is unconstitutional, can we then say that the 1931 amendment heretofore held to be constitutional is still in force and effect? We believe it is. We have heretofore held that an unconstitutional statute has no effect, and does not repeal a prior statute. Meagher v. Storey County, 5 Nev. 244; Seaborn v. Wingfield, 56 Nev. 260, 48 P. (2d) 881.

The respondent argues that the legislature intended by the 1937 statute to repeal the provisions of the 1931 amendment providing for an affidavit and deposit, and,

further, that by the 1937 amendment it was clearly the intention of the legislature that a time limit should be inserted within which to disqualify a judge before contested matters might be heard, and cites many authorities from many sister states to the effect that objection to a trial judge to be available must be made before appearance, especially as to the merits of a case, and that an application for change of judge is too late if made after partial hearing, and that time to object to a judge must be timely and seasonably made, promptly upon its discovery, to the end that a litigant may not experiment with the judge and then seek his disqualification. However, these matters have been by this court answered in the decision and opinion of the case State ex rel. Stokes v. District Court, 55 Nev. 115, 27 P. (2d) 534.

There remains but one further question, as we see it, for this court to determine. Is the first proviso immediately following the provisions for the request and disqualification of judge sufficiently severable and independent of the first part of the amendment of 1937 so as to permit it to remain, or, rather, to be carried into and made a part of the 1931 amendment? The proviso in question is heretofore set forth in the copy of the 1937 act.

This court has heretofore held that though certain sections of an act may be void others may be valid. Ormsby County v. Kearney, 37 Nev. 314, 316, 142 P. 803; Mexican Ditch Co. v. District Court, 52 Nev. 426, 289 P. 393.

The proviso in question, by its reading and connection with the subject matter, must of necessity fall. It deals with and is dependent upon, and confined to the language immediately preceding it, and is not properly severable; it has to do with a request for change of judge, not an affidavit of bias or prejudice as required by the 1931 amendment.

The rule seems to be well settled when a portion

of the statute which is unconstitutional, and declared so to be, is stricken it carries with it all parts of the same, or the additional section which is not complete in itself, or not independent of that which is rejected.

"The rule in this regard is laid down in Sutherland, Statutory Construction, 296, as follows: 'The natural and appropriate office of the proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it clearly appear to have been intended for some other matter. It is to be construed in connection with the section of which it forms a part, and is substantially an exception. If it is a proviso to the particular section, it does not apply to others unless plainly intended. It should be construed with reference to the immediately preceding parts of the clause to which it is attached.'" State v. Beemer, 51 Nev. 192, 200, 272 P. 656, 658.

For the reasons hereinbefore set forth, it is ordered that the alternative writ of mandamus heretofore issued be made permanent.