No. 37,160

THE CITY OF KANSAS CITY, *Plaintiff*, v. GEORGE ROBB, Auditor of the State of Kansas, *Defendant*.

(190 P. 2d 398)

Opinion filed March 6, 1948.

*Alton H. Skinner*, city attorney of Kansas City, *Joseph A. Lynch*, deputy city attorney of Kansas City, and *Robert B. Fizzell*, of Kansas City, Mo., were on the brief for the plaintiff.

*Edward F. Arn,* attorney general, and *William Paul Timmerman,* assistant attorney general, were on the brief for the defendant.

The opinion of the court was delivered by

HOCH, J.: Heretofore, and on January 23, 1948, judgment for the plaintiff was announced in this case, with the statement that formal opinion would be handed down later.

In an original proceeding in mandamus, Kansas City, Kan., seeks to compel the state auditor to register certain sewer bonds. The question presented is whether the statute under which the city issued the bonds has been repealed by a repealing clause contained in a subsequent act.

On November 28, 1947, the governing body of the city passed an ordinance authorizing issuance of general improvement bonds in the sum of $49,995 for the purpose of providing funds to pay for the construction of certain sewers and facilities for public property belonging to the city. No contention is made that the procedural steps required by the statutes were not complied with. The bonds recite as the authority for their issuance:

"By the authority of and in full compliance with the provisions, restrictions, and limitations of the constitution and statutes of the state of Kansas including Sections 10-101 to 10-115, inclusive, General Statutes of Kansas, 1935, and *Chapter 149 of the Laws of Kansas, 1937,* being Section 13-1018L, General Statutes of Kansas, 1939, Supplement; and *any and all legal and valid amendments thereto."*

Section 13-1018*l,* G. S. 1939 Supp., referred to in the bonds, provides in substance that cities having a population of more than 120,-000 may issue general improvement bonds in an amount not in excess of $50,000 in any one year, for the construction of sewers to serve public property belonging to the city. The validity of such a classification of municipalities for such purposes was considered and upheld in *State, ex rel., v. Kansas City,* 125 Kan. 88, 262 Pac. 1032. We now consider whether subsequent enactment has affected the validity of the statute.

The legislature of 1941 passed an act (Laws of 1941, ch. 122), relating to cities of the first class and amending twelve or more sections of the then existing statutes. One of such statutes was section 13-1018*l,* 1939 Supp., which is the section here involved. The section was reënacted (section 11) verbatim with the following proviso added at the end: *"And provided further,* That this section shall not apply to any city located within a county having an as-

sessed tangible valuation in excess of $150,000,000." In section 13, the original sections thereinbefore amended, including 13-1018*l*, were "repealed."

Our first question is whether such added proviso renders unconstitutional the thus amended section 13-1018*l*.

In *Carson v. Kansas City*, 162 Kan. 455, 177 P. 2d 212, an identical question was considered with reference to an attempted amendment of section 13-1078a by section 2 of said chapter 122. That section, which deals with paving or other improvements of streets and alleys in certain cities, was reënacted verbatim, as in the instant case, with the addition of exactly the same proviso as is here involved, namely, that the section should not apply to any city located within a county having an assessed tangible valuation in excess of $150,000,000. We held that the section was in fact a special law enacted under the guise of a general law, and to meet the situation where a general law might be made applicable and was therefore in contravention of section 17, article 2 of the constitution of the state of Kansas. What was said in the opinion in that case is equally applicable here and need not be repeated. It follows that 13-1018*l*, as amended by section 11, chapter 122, Laws of 1941, is invalid, being in contravention of section 17, article 2 of the constitution of Kansas.

This brings us to the question of whether, even though section 13-1018*l*, as the legislature attempted to amend it by the addition of the proviso, is invalid, the repealing clause still stands, with the result that the original section 13-1018*l*, 1939 Supplement, is no longer in effect.

The general rule is stated in 59 C. J. 940 as follows:

"So where an act expressly repealing another act and providing a substitute therefor is found to be invalid, the repealing clause must also be held to be invalid, unless it shall appear that the legislature would have passed the repealing clause even if it had not provided a substitute for the act repealed."

In similar language the rule is stated in 50 Am. Jur. 529 as follows:

"The question whether a provision in an unconstitutional statute, repealing a former law on the subject, falls with the act of which it is a part, depends primarily upon the intention of the legislature. Ordinarily, the repealing clause is not regarded as having been intended to remain in effect notwithstanding the invalidity of the remainder of the statute, and the repealing clause is accordingly itself regarded as invalid, and inoperative as a repeal of the former law."

See, also, 102 A. L. R. 802, and many cases therein cited.

This rule is so well established that it is unnecessary to quote at length from cases from various jurisdictions.

The primary rule for the construction of statutes is to determine the legislative intent. (See many cases cited in Hatcher's Kansas Digest, Statutes, § 71, and West's Kansas Digest, Statutes, 181 [1].) Can it be said in this instance that the legislature would have passed the repealing clause even if it had not provided a substitute for the act repealed? We have no hesitancy in answering that question in the negative. Not only is there nothing in chapter 122, Laws of 1941, to indicate such intention but the fact that the legislature re-enacted the section verbatim, adding only the proviso referred to, is a strong indication to the contrary. It follows that the repealing provision must fall along with 13-1018*l*, as amended by Laws of 1941, chapter 122, section 11. This leaves section 13-1018*l* still in force as it existed prior to the attempted amendment.

The defendant calls attention to the fact that the recital in the bonds refers to "chapter 149 of the Laws of Kansas, 1937," . . . "and *any and all legal and valid amendments thereto.*" The fact, however, that the attempted amendment is invalid does not vitiate the above recital in the bonds. The recital includes only *legal* and *valid* amendments.

The announcement heretofore made, of judgment for the plaintiff, is reaffirmed.

The writ is allowed, directing the state auditor to register the bonds.