**Bobby Lee DEAN, Petitioner,**

v.

**Richard CRISP, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**No. H–75–251.**

Court of Criminal Appeals of Oklahoma.
June 2, 1975.

## ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner, Bobby Lee Dean, hereinafter referred to as defendant, sustained four felony convictions in Oklahoma County District Court, Cases No. CRF-69-1998 (Unauthorized Use of a Motor Vehicle) [1]; No. CRF-70-2909 (Robbery with a Dangerous Weapon); No. CRF-70-2933 (Assault and Battery with a Dangerous Weapon with Intent to Kill); No. CRF–70–2935 (Rape in the First Degree).[2]

In support of his Application for Habeas Corpus, defendant alleges that he was between sixteen (16) and eighteen (18) years of age at the time of committing the above numbered offenses and, therefore, the lower court erred in not certifying him as an adult to stand trial, which renders his convictions void. Defendant refers to recent decisions of the United States Tenth Circuit Court of Appeals without specifically citing these decisions. Undoubtedly, defendant refers to Lamb v. Brown, 456 F.2d 18 (10th Cir. 1972) in which 10 O.S.Supp. 1969, § 1101(a) was declared unconstitutional and Radcliff v. Anderson, 509 F.2d 1093 (10th Cir. 1975) in which the Tenth Circuit held that the decision in Lamb v. Brown, supra, was to be applied retroactively.

 We first observe that Section 1, Article III of the Constitution of the United States, provides, in pertinent part:

"The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the

---

1. At the time of the commission of this crime, defendant was 16 years and four months old, and received a suspended sentence, which was later revoked.

2. At the time of the commission of these three crimes, defendant was 17 years and six months old.

Congress may from time to time ordain and establish. . . ."

Section 2, Article III of the Constitution of the United States provides, in pertinent part:

"The judicial Power shall extend to all Cases, in Law and Equity, arising under *this* Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; . . ." [Emphasis added]

Under the above constitutional provisions, the Circuit Courts of Appeal and the United States District Courts were created by congressional enactment, as inferior federal courts. It is this Court and the Supreme Court of the State of Oklahoma that interpret the Constitution of the State of Oklahoma and statutes duly enacted by the legislative branch of government. The federal courts have no jurisdiction except in those areas which are concerned with interpretation of the United States Constitution. The inferior federal courts exercise no appellate jurisdiction over state tribunals. Therefore, decisions from these inferior federal courts are not conclusive on state courts. United States ex rel. Lawrence v. Woods, 7 Cir., 432 F.2d 1072, cert. den. 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148. The decisions of the Federal Circuit Court of Appeals in *Lamb*, supra, and *Radcliff*, supra, do not establish a binding precedent on this Court until the issue is answered by the United States Supreme Court. The inferior federal courts exercise their power only on a case-to-case basis and can extend that power no further. See, M. A. P. v. Ryan, 285 A.2d 310 (D.C.Ct.App.1971); People v. Stansberry, 47 Ill.2d 541, 268 N.E.2d 431 (1971); Iowa National Bank v. Stewart, 214 Iowa 1229, 232 N.W. 445 (1930); Greene v. State, 11 Md.App. 106, 273 A.2d 830 (1971); State v. McCluney, 11 N.C.App. 11, 180 S.E.2d 419 (1971); Fiorentino v. Probate Court, Mass., 310 N.E.2d 112 (1974); Bruce v. Evertson, 180 Okl. 111, 68 P.2d 95 (1937) and Jones v. Lorenzen, Okl., 441 P.2d 986 (1965).

▉ We readily concede the supremacy of the United States Supreme Court on federal constitutional questions, and we feel that careful consideration is to be given to decisions of the inferior federal courts. It is the decisions of this Court and the Oklahoma Supreme Court that are supreme on state constitutional questions. We view the decisions of the inferior federal courts as persuasive.

▉ This Court and the Federal Circuit Court of Appeals have held that age discrimination between the sexes is violative of equal protection and, therefore, unconstitutional under the Oklahoma Constitution and the United States Constitution. In Schaffer v. Green, Okl.Cr., 496 P.2d 375 (1972), we held 10 O.S.1971, § 1101(A) unconstitutional as it discriminated between the sexes based on age. The language held unconstitutional in *Lamb,* supra, and *Schaffer,* supra, dealt with the statutory definition of "delinquent child." In Freshour v. Turner, Okl.Cr., 496 P.2d 389 (1972), we reached an erroneous conclusion when we stated:

"The net effect of the two decisions above cited [Lamb and Schaffer] was to leave the Children's Code devoid of any definition of 'child' and 'delinquent child,' or any legally established age at which a person must have a hearing in Juvenile Division of the District Court before being certified for adult proceedings."

This conclusion is erroneous and we hereby overrule that decision where inconsistent with this opinion. The effect of the decisions in *Lamb* and *Schaffer* did not leave the Children's Code devoid of any difinition of "delinquent child." It has been the law in this jurisdiction since 1898 that if a statute is repealed by a subsequent legislative act, and that subsequent act is declared unconstitutional, such declaration of unconstitutionality renders the repealing act invalid and the former act is deemed unaffected by the void repealing enactment. The former statute, therefore, remains in full force and effect. Porter v.

Commissioners of Kingfisher County, 6 Okl. 550, 51 P. 741 (1898). It could be argued that this would not be so had the legislature intended the former statute to be repealed regardless of the validity of the newer statute. However, it cannot be said that the Oklahoma legislature intended that there be no definition of "delinquent child." Therefore, the repeal of the former statute was contingent upon the subsequent statute being constitutional. See, Weissinger et al. v. Boswell, D.C., 330 F.Supp. 615 (1971); White v. District Court in and for Second Jud. Dist., Colo., 503 P.2d 340 (1972); American Independent Party in Idaho, Inc. v. Cenarrusa, 92 Idaho 356, 442 P.2d 766 (1968); State v. Kolocotronis, 73 Wash.2d 92, 436 P.2d 774 (1968); State v. Minear, 240 Or. 315, 401 P.2d 36 (1965); Kansas City v. Robb, 164 Kan. 577, 190 P. 2d 398 (1948); State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948); State ex rel. Clover Valley Lumber Co. v. Sixth Judicial District Court, 58 Nev. 456, 83 P.2d 1031 (1938); and Twin Falls Canal Co. v. Huff et al., 58 Idaho 587, 76 P.2d 923 (1938).

■ It, therefore, becomes necessary to examine the statutory definitions of "delinquent child" that precede the unconstitutional definition to determine whether they meet constitutional requirements. The Compiled Laws of Oklahoma 1909, Chapter Thirteen, Article I, § 594, state:

" . . . 'delinquent child' shall include any child under the age of sixteen years who violates any law of the United States or of this State, or any city or village ordinance . . ."

The age of sixteen is applicable to both sexes and is not unreasonable. This definition is not violative of equal protection. "Delinquent child" is also defined as a child under sixteen by the Revised Laws of Oklahoma 1910 in Chapter 55, Article IV, § 4412. The same hold true for the Compiled Statutes of Oklahoma 1921 in Chapter 14, Article 4, § 1729. All of the above meet constitutional tests, but 10 O.S.1941, § 101 fails. Therein, "delinquent child" is defined as "any male child under the age of sixteen years and any female child under the age of eighteen years." From 1941 until April 4, 1972, the effective date of Enrolled House Bill Number 1705 which amended 10 O.S.1971 § 1101 to define "child" to mean any person under the age of eighteen, there was an unconstitutional and ineffective statutory definition of "delinquent child." During that period, the effective statute was that one which was last constitutional which was the statute of 1931 in which "delinquent child" was defined as a child under the age of sixteen who violates a law.

■ We agree with the decision reached in *Lamb* that the provisions of 10 O.S. Supp.1969, § 1101(a) are unconstitutional as violative of the equal protection clause. We are of the opinion, and therefore hold, that the statutes from 1941 to 1972 were unconstitutionally discriminatory between sexes in defining "delinquent child." However, there was a valid statute defining the delinquent child as one under the age of sixteen in effect due to the unconstitutionality of the repealing statute which left the former valid statutes in full force and effect.

Having arrived at this conclusion under the Constitution and the statutes of the State of Oklahoma, we are of the opinion, and therefore hold, that the decision of the Tenth Circuit disregarding this interpretation is void and not binding on the State of Oklahoma, or any of the courts thereof, since our ruling today complies with the Constitution of the State of Oklahoma and is not violative of any of the provisions of the United States Constitution.

We are fortified in this position by the decision of the United States Supreme Court in Stanton v. Stanton, —— U.S. ——, 95 S.Ct. 1373, 43 L.Ed.2d 688, decided April 15, 1975, which held in substance that § 15–2–1, Utah Code Ann.1953, to the effect that the period of minority for males extends to age 21 and for females to age 18, is invidiously discrimina-

 

tory and serves to deny due process and equal protection of the laws, in violation of the Fourteenth Amendment. The Court went on to state:

"Our conclusion that in the context of child support the classification effectuated by § 15–2–1 denies the equal protection of the laws, as guaranteed by the Fourteenth Amendment, does not finally resolve the controversy as between this appellant and this appellee. With the age differential held invalid, it is not for this Court to determine *when* the appellee's obligation for his children's support, pursuant to the divorce decree, terminates under Utah law. The appellant asserts that, with the classification eliminated, the common law applies and that at common law the age of majority for both males and females is 21. The appellee claims that any unconstitutional inequality between males and females is to be remedied by treating males as adults at age 18, rather than by withholding the privileges of adulthood from women until they reach 21. *This Plainly Is An Issue Of State Law To Be Resolved By The Utah Courts on Remand;* the issue was noted, incidentally, by the Supreme Court of Utah. 30 Utah 2d, at 319, 517 P.2d, at 1013. The appellant, although prevailing here on the federal constitutional issue, may or may not ultimately win her law suit. See Harrigfeld v. District Court, 95 Idaho 540, 511 P.2d 822 (1973); Commonwealth v. Butler, Pa., 328 A.2d 851 (1974); Skinner v. Oklahoma, 316 U.S. 535, 542–543, 62 S.Ct. 1110, 1113–1114, 86 L.Ed. 1655 (1942)." [Our emphasis by capitalization]

Certainly, if the Supreme Court of the United States recognizes the authority of the Supreme Court of Utah to interpret the Constitution and statutes thereof, no inferior federal court may preempt a power greater than that exercised by the Supreme Court of the United States.

▮ The record in the instant case reflects that the defendant was above the age of sixteen at the time of his convictions, and it therefore was not necessary to certify him as an adult to stand trial.

It is therefore the Order of this Court that the Application for Writ of Habeas Corpus is accordingly denied.

WITNESS OUR HANDS, and the Seal of this Court, this 2nd day of June, 1975.

HEZ J. BUSSEY, Judge.

C. F. BLISS, Jr., Judge.

BRETT, Presiding Judge.
I dissent to the foregoing Order.