David Eugene EVANS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–824.

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1975.

Thomas W. Burns, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Jim Patton, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The appellant, David Eugene Evans, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted of the crime of Robbery by Fear After Former Conviction of a Felony in Tulsa County District Court, Case No. CRF–74–719. Punishment was assessed at a term of eighty-five (85) years in the state penitentiary. From a judgment and sentence in conformance with said verdict, the defendant has perfected his timely appeal.

The first prosecution witness was Dale Edward Roberts who testified that on the 20th day of March, 1974, he was working in the check cashing booth of a Safeway store in Tulsa. At approximately 4:45 p. m. a man, who witness identified as the defendant, gave him a note which read as follows:

"This is a hold up. There is a man behind you with a shotgun. Just give me all the money, and nobody is going to get hurt."

The witness gave the note to a girl working in the express lane and then proceeded to put money in a sack which he gave the defendant. He stated that he gave the defendant the money out of fear for his life, that there was no doubt in his mind that the defendant was the person who passed the note and took the sack and that his in-court identification was based solely on his observation and recollection of the robbery.

On cross-examination Roberts stated that shortly after the robbery a detective brought in five photographs and the witness identified one as the robber. Shortly thereafter the second detective brought in a single photograph which the witness recognized immediately. The detective then told him he had arrested the person in the picture the year before for the robbery of another Safeway store. A few days later the witness attended a lineup and identified the defendant. The witness further stated that the series of pictures and lineup each had only one individual who met the general description.

The last prosecution witness was Ginger Lamer who testified that she was also employed at the Safeway store on the day of the robbery and was working the express lane when Mr. Roberts passed her a note stating there was a robbery in process. She finished checking out her customer and then went to another checker and told her to call the police and then returned to the express lane where she observed the defendant and watched Roberts fill the sack with money. She stated that she had no doubt whatsoever that the defendant was the person who robbed the store. On cross-examination Mrs. Lamer testified to essentially the same facts as Roberts con-

cerning the photographs and the lineup. On re-direct examination she stated that her in-court identification was based upon her recollection of the robbery and was not influenced by the pictures or the lineup. State then rested.

After the jury returned a verdict of guilty in the first stage of the proceeding, the State called Don E. Austin, District Court Clerk for Tulsa County, who testified that the defendant had been convicted of seven different felonies. Certified copies of appearance dockets and judgments and sentences were identified and admitted into evidence. Tulsa District Judge, Raymond W. Graham, then testified that the David Evans identified on four of the judgments and sentences was one and the same person as the defendant. The State then rested.

The defendant's first assignment of error urges that the trial court committed reversible error in failing to quash his in-court identification by the witnesses Roberts and Lamer. The defendant urges that it was apparent from the record that the in-court identifications were influenced by improper suggestion of police officials when they presented the witnesses with a series of photographs containing only one that met the general description of the robber, with an individual photograph of the defendant accompanied by a police statement that he had been arrested before for a similar crime, and with a lineup wherein the defendant was the only person meeting the general description. An examination of the record indicates that although the issue was raised by motion and objection at the beginning of trial, no evidentiary hearing was requested by defense counsel and no objection was made to the actual in-court identification.

In *Anthamatten v. State*, Okl.Cr., 506 P. 2d 959, this Court citing *Bridgeman v. State*, Okl.Cr., 496 P.2d 431, held that the issue of a tainted in-court identification was improperly before the court when it was apparent from the record that the defendant failed to make a timely objection at trial to the in-court identification and had failed to make a timely request for an evidentiary hearing.

 Although the assignment seems improperly before the Court, it is apparent from the record that both witnesses based their in-court identification upon the observation of the defendant during the commission of the crime. Neither witness waivered during cross-examination and each stated that he immediately recognized the defendant at the lineup and recognized the defendant's photographs because of independent recollection of the defendant during the robbery. Defendant's first assignment of error is, therefore, without merit.

 The defendant's second assignment of error urges that reversible error was committed when the prosecutor made prejudicial comments during closing arguments. The defendant first notes the following remark made by the prosecutor during the first stage of the proceeding, to-wit:

"It's not a pleasant thing for a grown young man to take the witness stand and tell the courtroom full of people and you, ladies and gentlemen of the jury, how scared he was. But who caused him to have to do that? I didn't, you didn't . . . ."

We do not find the above comment to be prejudicial. It is a reasonable comment upon the evidence concerning the witness Roberts' fear.

 The defendant next complains of another remark made during said closing argument as follows:

"It's not easy work for Mr. Roberts. He told you the type of work he did. He's got a family. He chooses to go to work at 8:00 and get off at 5:00, earn his weekly salary by abiding by the laws and working and using his brain. He doesn't believe in going out and making his living by the sweat of other people. He does it himself."

Such comment does not tend to persuade the jury to have sympathy for the victim

of the crime. It is only a comment upon the defendant's evident decision to commit a robbery instead of trying to earn his keep.

■ The defendant next contends that he was prejudiced by the following comment made by the prosecutor during the closing argument after the second stage of the proceeding, to-wit:

"And while you're thinking of showing some sympathy to this defendant, consider the sympathy that the defendant has shown victims of his crimes throughout his criminal career."

Said comment was made after the verdict of guilty and during the stage in the proceeding wherein the jury was to determine punishment. Although it does tend to seek the jury's sympathy for the victims of the defendant's crimes, it does not amount to prejudicial error in the instant case. It is obvious from the testimony and the evidence that the defendant was guilty of the crime charged and had in fact been convicted of seven prior felonies. In this case it is our opinion that said comment amounts to harmless error and did not tend to influence the jury to assess an unreasonable punishment. Therefore, defendant's second assignment of error is without merit.

The defendant's next assignment of error urges that the trial court committed reversible error in failing to submit the defendant's requested instruction concerning an in-court identification. In support of his contention, the defendant argues that he was entitled to an instruction concerning his theory of defense, mistaken identity caused by improper identification procedures used by the law enforcement officials. A reading of the instructions submitted by the trial court indicates that the jury was informed that the burden of proof was upon the State to establish by evidence beyond a reasonable doubt all material elements of the crime charged. The

trial court's Instruction No. 7 further reads in part as follows, to-wit:

"You are the judges of the facts, the weight of the evidence and the credibility of the witnesses. In determining such weight or credit you may consider: . . . the ability of the witness to remember and relate past occurrences, and means of observation, and opportunity of knowing the matters about which the witness has testified."

■ Instructions must be considered as a whole and will be sufficient if, when so considered, they fairly and correctly state the law applicable to the case. *Barber v. State,* Okl.Cr., 388 P.2d 320. In the instant case it is apparent that the trial court sufficiently and adequately instructed the jury concerning the burden of proof and the means and ability to identify the perpetrator of the alleged crime. It cannot, therefore, be said that the trial court abused its discretion in failing to submit the defendant's requested instruction.

■ The defendant's last assignment of error contends that the trial court erred in allowing improper and prejudicial former convictions to be admitted against the defendant during the second stage of the proceeding. The defendant argues that one of the seven convictions upon which the enhancement of punishment was predicated arose out of a crime perpetrated while the defendant was a seventeen (17) year old minor. He further argues that the original trial court failed to certify him as an adult and, therefore, rendering said conviction void under the rationale of *Lamb v. Brown,* 456 F.2d 18 (10th Cir. 1972) in which 10 O.S.Supp.1969, § 1101(A) was declared unconstitutional and *Radcliff v. Anderson,* 509 F.2d 1093 (10th Cir. 1975) in which the Tenth Circuit held that the Lamb decision was to be applied retroactively.

However, this argument has been considered and disposed of by this Court's recent decision of *Dean v. Crisp,* Okl.Cr., 536 P.

2d 961, decided on the 2nd day of June, 1975. In *Dean, supra,* we held as follows:

"From 1941 until April 4, 1972, the effective date of Enrolled House Bill Number 1705 which amended 10 O.S. 1971, § 1101 to define 'child' to mean any person under the age of eighteen, there was an unconstitutional and ineffective statutory definition of 'delinquent child.' During that period, the effective statute was that one which was last constitutional which was the statute of 1931 in which 'delinquent child' was defined as a child under the age of sixteen who violates a law."

We, therefore, held that from 1941 to 1972 there was a valid statute defining the "delinquent child" as one under the age of sixteen and it was, therefore, not necessary during that interim to certify a seventeen year old minor as an adult to stand trial. The judgment and sentence complained of was therefore not void and it was not error for the trial court to have admitted same into evidence.

The defendant lastly attacks as grossly prejudicial a judgment and sentence reflecting that the defendant had been charged and convicted of the crime of robbery with firearms when in fact the record in said case indicated that the defendant had been bound over for trial on a charge of robbery by fear. Although there was evident error in the judgment and sentence arising out of said conviction, it is our opinion that said error was harmless. The State submitted proof that the defendant had been convicted of six other felonies. It is improbable that the error complained of tended to cause the jury to enhance punishment to a greater or lesser extent, and defendant's last contention is without merit.

It is therefore, the opinion of this Court that the defendant received a fair and impartial trial before a jury, that he suffered no prejudice of a substantial right and that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, P. J., concurs in part and dissents in part.

BRETT, Presiding Judge (concurring in part and dissenting in part):

I concur that this conviction should be affirmed, but I dissent to any reference to *Dean v. Crisp,* supra. There were other former convictions without the seventeen year old conviction to sustain the former conviction charge.