Danny **AIRINGTON**, Petitioner,

v.

Honorable George W. **LINDLEY**, District Judge, Fifth Judicial District of the State of Oklahoma, and The State of Oklahoma, Respondents.

No. CIV-80-682-D.

United States District Court,
W. D. Oklahoma.

Oct. 27, 1980.

James A. Clark, Ardmore, Okl., for petitioner.

Jan Eric Cartwright, Atty. Gen. by Janet L. Cox, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## OPINION AND ORDER

DAUGHERTY, Chief Judge.

Petitioner has filed, by and through his attorney of record, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is at liberty under a $12,000.00 property bond pursuant to his Motion to Stay Mandate in case number 76–118 in the District Court of Stephens County, Oklahoma, which has been granted by defendant Judge Lindley pending a decision in this action. In number 76–118, on May 22, 1976, petitioner was convicted after trial by jury of the offense of Unlawful Delivery of Marijuana After Former Conviction of a Felony and was sentenced to imprisonment for a term of twelve years. Petitioner thereafter perfected an appeal from that judgment and sentence to the Court of Criminal Appeals of the State of Oklahoma, case number F–77–51. On February 23, 1979, that court issued its not for publication opinion affirming the judgment and sentence entered in the District Court of Stephens County.

The prior conviction described in the after former conviction of a felony aspect of petitioner's bifurcated trial was a 1965 conviction in case number 3724 in the District Court of Stephens County, in which petitioner, then seventeen years of age, allegedly waived his right to counsel and entered a plea of guilty to a charge of Burglary in the Second Degree. He received a two year suspended sentence, which he served without incident.[1]

In his appeal of the judgment and sentence entered in number 76–118, he con-

---

1. References are made in certain of the documents filed herein to the 1965 Stephens County case as number 3714 and to the sentence imposed therein as a three year suspended sentence. A copy of the docket sheet from that case makes it clear that the case was number 3724 and that the suspended sentence was for two years.

tended that the prior conviction in number 3724 was void under *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972), to be applied retroactively pursuant to *Radcliff v. Anderson*, 509 F.2d 1093 (10th Cir. 1974), and that for that reason, his conviction in number 76–118 should be reversed.

Citing *Edwards v. State*, Okl.Cr., 591 P.2d 313 (1979), the Court of Criminal Appeals of the State of Oklahoma declined to reverse his conviction, but directed the District Court of Stephens County upon a proper application for post-conviction relief in number 3724, to conduct an evidentiary hearing to determine whether or not petitioner would have been certified to stand trial as an adult under the appropriate standards enforced at the time the sentence was imposed and whether the appellant was of the age alleged at the time of the trial. Such a hearing was subsequently held and it was determined, without objection from the office of the District Attorney, that petitioner was seventeen years of age at the time of his conviction in number 3724 and that he would *not* have been certified as an adult had such procedure then been required. Petitioner's prior conviction in number 3724 was therefore vacated. In accordance with the further directions of the Court of Criminal Appeals, the Stephens County District Judge then considered whether the judgment and sentence imposed in number 76–118 should be modified. He determined that it should and modified the sentence from imprisonment for a term of twelve years to imprisonment for a term of eight years, with the provision that the last three years be suspended.

Petitioner thereafter appealed the order of the Stephens County District Judge to the Court of Criminal Appeals of the State of Oklahoma in number PC–79–644. That court thereafter affirmed the District Court's action and petitioner then brought this action.

A brief review of the judicial history of the questions presented by petitioner is in order. At the time of petitioner's guilty plea and sentencing in number 3724, the provisions of 10 O.S. § 1101(a) were, in pertinent part, as follows:

"The term 'child' means any male person under the age of sixteen (16) years and any female person under the age of eighteen (18) years."

Thus, females between the ages of sixteen and eighteen were entitled to the benefit of juvenile court proceedings, while males of the same age could be tried as adults without certification or other proceedings.

In *Lamb v. Brown, supra*, the court held that § 1101(a) violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. Subsequently, in *Radcliff v. Anderson, supra*, the court determined that the *Lamb* decision was not merely procedural but involved principles of basic fairness and essential justice and should be applied retroactively. The Court of Criminal Appeals of the State of Oklahoma in *Dean v. Crisp*, Okl.Cr., 536 P.2d 961 (1975) held that *Radcliff* was not binding upon the courts of the State of Oklahoma and that the applicable law was the law in effect immediately prior to the enactment of the provision held unconstitutional in *Lamb*. Since males would have received the same treatment under the earlier provisions as they received under the one held unconstitutional, relief was denied to all males who had been treated as adults without certification when they were between the ages of sixteen and eighteen.

In *Edwards v. State, supra*, the court stated that even if the premise of *Dean*, that males received only the treatment to which they were entitled, was adopted, the necessary corollary was that females were accorded better treatment than that to which they were entitled. Thus, the court found unconstitutional discrimination and denial of equal protection and overruled *Dean* to the extent that it was inconsistent with *Edwards*. The *Edwards* court determined that retrospective relief must be granted to males between sixteen and eighteen years of age who were prosecuted as adults without the benefit of certification hearing. It then considered the nature of the relief to be granted and, after reviewing the somewhat similar case of *Kent v.*

*United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), it determined that the "drastic relief" of vacation of conviction should not be automatically granted. Age alone at the time of conviction was held not sufficient to entitle a defendant to relief. Only if certification would have been denied would his conviction be totally improper. The court stated that if a defendant could show some valid reason to believe that certification would have been denied, he would be entitled to an evidentiary hearing on the question, in which the State would have the burden to prove by a preponderance of the evidence that certification would have occurred. If the State met its burden, the defendant's application for post-conviction relief should be denied. If it did not, relief should be granted and the conviction vacated.

As noted above, the procedure outlined in *Edwards, supra*, has been employed in petitioner's case and the 1965 conviction in number 3724 has been vacated.

The principal basis for the petition herein is stated by petitioner as follows:

"Petitioner alleges that the use of the void conviction, namely cause 3724, District Court of Stephens County, by the State of Oklahoma, as enhancement of punishment & to impeach the credibility of petitioner, was a direct deprivation of the right of petitioner to due process under the Fifth (5th) Amendment to the United States Constitution .... Since the former conviction was absolutely void, ab initio, the petitioner respectfully submits that the subsequent modification of the jury verdict by the sentencing judge, respondent herein, did not cure or correct the defect. The admission of a prior criminal conviction to enhance punishment, which is constitutionally infirm, under certain standards, is inherently prejudicial. (See *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, at page 262 [19 L.Ed.2d 319].)"

In *Burgett v. Texas, supra*, the Supreme Court stated that:

"[T]o permit a conviction obtained in violation of *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] to be used against a person either to support guilt or enhance punishment for another offense ... is to erode the principle of that case."

Subsequently, in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), a defendant had testified in his own behalf and the government had been permitted to raise for impeachment purposes on cross-examination certain prior convictions which were later held to have been invalid under the rule of *Gideon*. The defendant was subsequently sentenced with consideration being given to such prior convictions.

In proceedings under 28 U.S.C. § 2255, the District Court agreed that "the use of the constitutionally invalid prior convictions on cross-examination for impeachment purposes was error," but found that the error was harmless beyond a reasonable doubt in view of the overwhelming evidence of defendant's guilt. See *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. On appeal, the Court of Appeals for the Ninth Circuit agreed that the evidence of prior convictions did not contribute to the verdict of guilt, but held that there was a reasonable probability that the defective prior convictions may have contributed to a heavier prison sentence than would otherwise have been imposed. Therefore, while affirming the refusal of the District Court to vacate the conviction, the Court of Appeals remanded the case to the District Court for resentencing "without consideration of any prior convictions which are invalid under *Gideon v. Wainwright*, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799]."

In *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), decided later in the same term of court as *Tucker, supra*, the Supreme Court limited its grant of certiorari to the single constitutional question: "Does the use of prior, void convictions for impeachment purposes deprive a criminal defendant of due process of law where their use might well have influenced the outcome of the case?" The court answered the question in the affirmative, quoting from *Gilday*

*v. Scafati*, 428 F.2d 1027 (1st Cir.), as follows:

"We conclude that the *Burgett* rule against use of uncounseled convictions 'to prove guilt' was intended to prohibit their use 'to impeach credibility,' for the obvious purpose and likely effect of impeaching the defendant's credibility is to imply, if not prove, guilt . . . ."

Here, although petitioner was not represented by counsel at the time of his 1965 conviction, he does not assert that such conviction was obtained in violation of *Gideon*. In fact, the docket sheet from that case indicates that he appeared with his father, that he was advised that he had the right to have counsel present with him, that counsel would be appointed for him if he could not afford to retain counsel, and that he stated that he did not need an attorney and did not want one.

Nevertheless, petitioner's 1965 conviction has been held to be invalid and has been vacated, under *Lamb, Radcliff*, and *Edwards, supra*. Assuming, without deciding, that the decisions in *Burgett, Tucker*, and *Loper*, would each have been reached had the prior convictions been invalidated on constitutional grounds other than those pronounced in *Gideon*, this court has nevertheless concluded that the constitutional concepts set out in those cases are not applicable to petitioner's case and that therefore he is not entitled to relief herein.

The Supreme Court, in *Loper, supra*, makes it clear that, as stated by the Court of Appeals for the First Circuit in *Gilday v. Scafati, supra*, "the obvious purpose and likely effect of impeaching the defendant's credibility is to imply, if not prove, guilt." In petitioner's case, when petitioner elected to testify in his own behalf, the first substantive question asked him by his counsel was whether he had ever been convicted of a felony, to which he of course answered in the affirmative. After eliciting certain additional information with regard to the 1965 conviction and petitioner's service of the suspended sentence without incident, petitioner's counsel moved to other subjects. On cross-examination, the prosecuting at-

torney mentioned the prior conviction in order to compare the year of the conviction and the length of the suspended sentence with petitioner's testimony as to when he had initially obtained the employment which he held at the time of the offense charged in 76–118.

It is clear from the foregoing that petitioner himself raised the issue of the prior conviction and that no effort was made by the prosecuting attorney to elaborate upon petitioner's own testimony with regard to the offense or to otherwise employ it in impeachment of petitioner's credibility. It is possible that petitioner's counsel raised the issue on the theory that if he did not do so the prosecutor undoubtedly would raise it for impeachment purposes on cross-examination. There is, however, no evidence that such was, or would have been the case. Thus, petitioner's argument that the prior invalid conviction was employed to prove his guilt in violation of the rule set down in *Burgett* is without merit. For the reasons stated above, the result would be the same had petitioner cited or relied upon *Tucker* or *Loper, supra*.

The sentence imposed upon petitioner by the District Court of Stephens County in modification of the sentence originally imposed by the jury in number 76–118 is in accordance with the provisions of 63 O.S. 1979 Supp. § 2–401 B 2, which is as follows:

"B. Any person who violates this section with respect to:

" . . . .

"2. Any other controlled dangerous substance classified in Schedule I, II, III or IV is guilty of a felony and shall be sentenced to a term of imprisonment of not less than two (2) years nor more than ten (10) years and a fine of not more than five thousand dollars ($5,000.00). Such sentence shall not be subject to the statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense. The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final."

As noted above, the sentence, as modified, provides for imprisonment for a term of eight years, the last three years to be suspended.

This court does not believe that the recent case in the Supreme Court of the United States, *Hicks v. State of Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) requires a contrary conclusion. In that case, the defendant was sentenced by the jury to imprisonment for a term of forty years. The trial court had instructed the jury, in accordance with the then effective recidivist statute in Oklahoma, that if they found the defendant guilty, such punishment was mandatory. Subsequent to his conviction, the provision of the statute under which the mandatory forty year prison term had been imposed was in another case declared unconstitutional by the Court of Criminal Appeals of the State of Oklahoma. Nevertheless, that court thereafter affirmed the defendant's conviction and sentence, reasoning that he was not prejudiced by the impact of the invalid statute since his sentence was within the range of punishment that could have been imposed in any event. The United States Supreme Court, noting that in Oklahoma a convicted defendant is entitled to have his punishment fixed by the jury, held that the defendant had been denied due process of law since the members of the jury, had they been correctly instructed, could have imposed any sentence of "not less than ten ... years."

In this case, respondents concede that under proper instructions, the jury would have been required to return a sentence of imprisonment of not more than ten (10) years. Here, however, the Court of Criminal Appeals, in furtherance of procedures described in *Edwards, supra,* had specifically authorized the trial court to consider whether it was appropriate to modify the sentence. Subsequently it affirmed the order of the trial court taking such action. It is noted that the Court of Criminal Appeals of the State of Oklahoma has the inherent statutory authority under 22 O.S.1971 § 1066, to "reverse, affirm or modify the judgment appealed from ...." In *Hicks,*

*supra,* the appellate court did not "purport to cure the deprivation by itself reconsidering the appropriateness of the petitioner's forty-year sentence." Here, the District Court has modified the sentence to one which could have been imposed by the jury in the first instance, and has suspended a portion of the sentence as authorized in first offense cases by 63 O.S.1979 Supp. § 2–401 B 2.

Since the sentence has been modified to be within the appropriate statutory limits and that modification has been affirmed, and further since the subject of the previous conviction was raised in the first stage of petitioner's bifurcated hearing by petitioner himself and was not brought out or employed by the prosecution for purposes of impeachment, this court finds that the Petition for Writ of Habeas Corpus filed herein by petitioner should be denied.

IT IS SO ORDERED.